61 P.3d 29

Linda C. HANLEY, Trustee, Hanley
Family Trust, Plaintiff–
Appellant,

v.

John H. PEARSON, Defendant–Appellee.

No. 1 CA–CV 02–0217.

Court of Appeals of Arizona,
Division 1, Department E.

Jan. 9, 2003.

Ronald N. Hanley, Tempe, Attorney for Plaintiff–Appellant.

The Cavanagh Law Firm, P.A. By Don C. Fletcher, Christopher Robbins, Phoenix, Attorneys for Defendant–Appellee.

## AMENDED OPINION

TIMMER, Presiding Judge.

¶ 1 Linda C. Hanley appeals the trial court's entry of summary judgment in favor of John H. Pearson ("Pearson"). Hanley argues that the trial court erred by ruling that Arizona Revised Statutes ("A.R.S.") section 33–812(A)(3) (2000) did not require the trustee of a foreclosed deed of trust to apply excess sale proceeds to pay outstanding property taxes before paying monies to junior lienholders. Hanley additionally challenges the trial court's award of attorneys' fees to Pearson. For the following reasons, we affirm the trial court's entry of summary judgment in favor of Pearson, but vacate the award of attorneys' fees.

## FACTS

¶ 2 In July 1997, World Savings and Loan Association loaned money to Aaron Pearson ("Aaron"), who secured this obligation by executing and recording a first deed of trust in favor of World Savings and against his condominium. Golden West Savings Association Service Company served as trustee for the deed of trust. Among other obligations, the deed of trust required Aaron to pay taxes assessed against the property. In December 1997, Aaron executed a second deed of trust on the condominium in favor of Pearson, which was later recorded in January 1998.

¶ 3 Aaron defaulted on the note to World Savings, which then foreclosed its deed of trust. At a trustee's sale held in December 2000, Hanley, as trustee for the Hanley Family Trust, purchased the condominium, paying $10,618.64 more for the property than the debt owed to World Savings. At the time of the sale, a senior property tax lien in the amount of $2,808.75 encumbered the property. See A.R.S. § 42–17153(B)(3) (1999) (providing tax liens superior to other property liens, with exceptions). Consequently, Hanley took title to the property subject to this lien, although the sale extinguished all liens junior to World Savings' first deed of trust, including Pearson's deed of trust. See A.R.S. § 33–811(C) (2000).[1]

¶ 4 After the trustee's sale, Hanley filed a declaratory judgment complaint seeking to establish that the excess sales proceeds must be paid to extinguish the tax lien before payment of the remaining proceeds to Pearson as the junior lienholder. Pursuant to A.R.S. § 33–812(D), Pearson filed a lawsuit seeking all the excess proceeds. The court subsequently consolidated the cases and, on cross-motions for summary judgment, ruled that Pearson was entitled to all the excess sale proceeds. Over Hanley's objection, the court then awarded $2,600 in attorneys' fees to Pearson pursuant to A.R.S. § 12–341.01 (1992). This appeal followed, and we have jurisdiction to consider it pursuant to A.R.S. § 12–2101(B) (1994).[2]

## STANDARD OF REVIEW

¶ 5 In reviewing the trial court's ruling on a motion for summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the court

---

1. In 2002, the legislature re-numbered A.R.S. § 33–811(C) (2000) as A.R.S. § 33–811(E) (Supp. 2002). We refer to A.R.S. § 33–811(C) throughout this opinion because that version was in effect at the time of relevant events.

2. Hanley filed her notice of appeal on February 19, 2002, prior to the entry of final judgment on March 11, 2002. However, because a final judgment has been entered, the premature appeal does not divest this court of jurisdiction. See Comeau v. Arizona State Bd. of Dental Exam'rs, 196 Ariz. 102, 106, ¶ 16, 993 P.2d 1066, 1070 (App.1999).

properly applied the law. *Eller Media Co. v. City of Tucson,* 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App.2000). Likewise, we review de novo the court's determination that A.R.S. § 12–341.01 authorizes a fee award in favor of Pearson. *Schwab Sales, Inc. v. GN Constr. Co.,* 196 Ariz. 33, 36, 992 P.2d 1128, 1131 (App.1998).

## DISCUSSION

### 1. Distribution of excess proceeds under A.R.S. § 33–812(A)(3)

¶ 6 Section 33–812(A) instructs the trustee of a deed of trust to apply the proceeds of the trustee's sale in a particular order of priority. At the time of the trustee's sale in this case, the trustee was directed to apply any proceeds remaining after satisfying the costs of the sale and paying the contract secured by the foreclosed deed of trust as follows:

> 3. To the payment of all other obligations provided in or secured by the trust deed.
>
> 4. To the junior lienholders or encumbrancers in order of their priority as they existed at the time of the sale. After payment in full to all junior lienholders and encumbrancers payment shall be made to the trustor.

A.R.S. § 33–812(A).

¶ 7 Hanley argues that § 33–812(A)(3) required Golden West, after paying the costs of the sale and satisfying World Savings' debt, to apply the excess proceeds to pay all "other obligations" provided in World Savings' deed of trust, including Aaron's obligation to timely pay property taxes. Pearson responds that § 33–812(A)(3) is inapplicable because that provision refers only to payment of obligations owing by the debtor/trustor to the lender/beneficiary at the time of the foreclosure sale. Thus, according to Pearson, because World Savings did not pay the delinquent taxes before the foreclosure sale, no "other obligations" provided in or secured by the deed of trust remained to be paid pursuant to § 33–812(A)(3). Our resolution of this issue turns on the meaning and scope of the "other obligations" described in A.R.S. § 33–812(A)(3).

¶ 8 In construing a statute, we must find and give effect to the legislature's intent in enacting it. *Mail Boxes v. Indus. Comm'n,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). To determine that intent, we first review a statute's language. *Calmat of Arizona .v. State ex rel. Miller,* 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993). If the legislative intent is not clear from that language, we consider other factors, such as the context of the provision, its subject matter, purpose, effects, and consequences. *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

¶ 9 We begin our analysis by examining the language of § 33–812(A)(3), which directs a trustee to apply excess funds to "the payment of all other obligations provided in or secured by the trust deed." Viewing that language in isolation, it is unclear whether the provision refers to all obligations listed in a deed of trust or only those owed to the beneficiary. However, viewing subsection (A)(3) in the context of the entire payment priority scheme fashioned by the legislature, we conclude that "other obligations" means those obligations owed to the beneficiary after payment of the contractual debt secured by the deed of trust.

¶ 10 After satisfaction of the costs of the trustee's sale, § 33–812(A) establishes a payment priority that commences with payment of the debt underlying the foreclosed trust deed with descending payments to first satisfy "other obligations" in the trust deed and then the extinguished junior liens in the order of their priority. Any remaining funds are then paid to the trustor. A.R.S. § 33–812(A)(4); *see also* Restatement (Third) of Prop.: Mortgages § 7.4 (1996) (stating that the surplus from a trustee sale is applied to those liens that are extinguished by the sale in the order of their priority). A construction of subsection (A)(3) to mean that the trustee must pay obligations listed in the foreclosed deed of trust that are no longer owed to the beneficiary, before paying any surplus monies to junior lienholders, would scramble the legislature's payment order by elevating the priority of such obligations regardless of the order established by statute.

¶ 11 For example, World Savings' deed of trust obligated Aaron to pay all condominium owners association fees. Any unpaid fees constitute a lien on the condominium. A.R.S. § 33–1256(A) (2000). But other liens and encumbrances recorded before recordation of the declaration creating the association have priority over any lien for unpaid association fees. A.R.S. § 33–1256(B)(1). Under Hanley's interpretation of § 33–812(A)(3), however, any unpaid fees at the time of the foreclosure sale would have to be paid before any junior liens regardless of the priority established by § 33–1256(B)(1). Interpreting "other obligations" in § 33–812(A)(3) to mean those owed to the beneficiary leaves intact the payment priority established by the legislature.

¶ 12 Similarly, A.R.S. § 33–811(C) supports an interpretation of "other obligations" in § 33–812(A)(3) to mean those obligations owed to the beneficiary at the time of foreclosure. Section 33–811(C) provides that the conveyance of property after a trustee's sale "shall be subject to all liens, claims or interests that have a priority senior to the deed of trust." But if § 33–812(A)(3) is interpreted to require payment to satisfy senior liens that also represent obligations provided in the foreclosed deed of trust, such as the payment of taxes at issue in this case, the foreclosed property would not be conveyed subject to such liens as provided in § 33–811(C). An interpretation of "other obligations" in § 33–812(A)(3) to mean those owed to the beneficiary avoids this anomalous result.

■ ¶ 13 We also agree with Pearson that the purpose of § 33–812(A)(3) is to permit lenders to recoup funds expended on behalf of a trustor rather than to allow a purchaser at a trustee's sale to satisfy senior liens remaining against the property. A trustor's obligations are placed in a deed of trust to protect the beneficiary, not a future purchaser of the encumbered property. Indeed, the deed of trust in this case granted World Savings rights "to protect Lender from possible losses that might result" if Aaron failed to do certain things, including complying with his obligation to pay taxes. In such a case, World Savings had the right to pay the taxes and recoup its payment with interest from Aaron. However, a purchaser at a trustee's sale does not need protection from the trustor's failure to satisfy his obligations under the deed of trust. The purchaser is expected and presumed to take into account existing senior liens in calculating an appropriate bid for the property. *Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 130, 804 P.2d 1310, 1318 (1991). Thus, the purpose of the trustor's obligations under the deed of trust, coupled with a purchaser's ability to consider these unfulfilled obligations when fashioning a bid, further supports an interpretation of "other obligations" in A.R.S. § 33–812(A)(3) to mean those owed to the beneficiary at the time of the foreclosure sale.

¶ 14 Finally, since initiation of this appeal, the legislature clarified the meaning of "other obligations" by amending § 33–812(A)(3) to provide that the trustee shall apply excess sales proceeds "[t]o the payment of all other obligations provided in or secured by the trust deed *and actually paid by the beneficiary before the trustee's sale.*" A.R.S. § 33–812(A)(3)(Supp.2002) (emphasis added). This clarification further supports an interpretation of "other obligations" in the pre–2002 version of § 33–812(A)(3) to mean those owing to the trust deed beneficiary. *See City of Mesa v. Killingsworth*, 96 Ariz. 290, 297, 394 P.2d 410, 414 (1964) (citations omitted) ("An amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act.").

¶ 15 In summary, we hold that the version of A.R.S. § 33–812(A)(3) in effect at the time of the trustee's sale in this case required a trustee, after satisfying the contract underlying the deed of trust, to pay other obligations provided in or secured by the deed of trust that remained owing to the beneficiary at the time of the trustee's sale. Consequently, the existing tax lien in this case was not an "other obligation[ ]" under § 33–812(A)(3), and the trial court correctly entered sum-

mary judgment on behalf of Pearson.[3]

## 2. Award of attorneys' fees under A.R.S. § 12–341.01

¶ 16 Hanley next argues that the trial court erred by awarding attorneys' fees to Pearson pursuant to A.R.S. § 12–341.01 because, among other reasons, the case did not "arise out of a contract." *See* A.R.S. § 12–341.01(A) (authorizing a fee award "[i]n any contested action arising out of a contract, express or implied"). The trial court found that the case arose out of contract because the trust deed created the legal relationship between the parties and because Hanley requested that the court interpret the deed of trust in conjunction with A.R.S. § 33–812(A)(3). Indeed, Pearson argues that the case arose from contract because Hanley's claim would not have existed "but for" Aaron's breach of the first deed of trust.

¶ 17 An action arises out of contract under A.R.S. § 12–341.01(A) if it could not exist "but for" the contract. *See Sparks v. Republic Nat'l Life Ins. Co.,* 132 Ariz. 529, 543, 647 P.2d 1127, 1141 (1982). The fee statute does not apply to purely statutory causes of action. *Kennedy v. Linda Brock Auto. Plaza, Inc.,* 175 Ariz. 323, 325, 856 P.2d 1201, 1203 (App.1993). Nor does the fee statute apply if the contract is a factual predicate to the action but not the essential basis of it. *Id.* When a cause of action is based on a statute rather than a contract, the peripheral involvement of a contract does not support the application of the fee statute. *A.H. By & Through White v. Arizona Prop. & Cas. Ins. Guar. Fund,* 190 Ariz. 526, 529, 950 P.2d 1147, 1150 (1997) (citing *O'Keefe v. Grenke,* 170 Ariz. 460, 472–73, 825 P.2d 985, 997–98 (App.1992)).

¶ 18 The contract in this case, the deed of trust, formed only a factual predicate for the action and was not its essential basis. The issue before the trial court was whether the

excess trustee's sale proceeds must be used to satisfy the tax lien before distribution to Pearson as the junior lienholder. Aaron's obligation to pay the taxes was not in dispute and interpretation of the deed of trust was unnecessary to resolve the case. Rather, the parties contested, and the trial court decided, whether § 33–812(A)(3) required satisfaction of Aaron's trust deed obligations even though they were no longer owed to World Savings. Thus, the essential basis for the dispute was the meaning of § 33–812(A)(3), and the case did not therefore arise out of a contract. *See Kennedy v. Linda Brock Auto. Plaza,* 175 Ariz. at 325, 856 P.2d at 1203.

¶ 19 We also reject the trial court's ruling that the case arose from contract because the trust deed created the relationship between the parties. Neither Hanley nor Pearson were parties to the World Savings deed of trust. Thus, the fee award was not justified on this basis.

¶ 20 For the foregoing reasons, we decide that the case did not arise from contract. Consequently, A.R.S. § 12–341.01 did not authorize the trial court to award attorneys' fees to Pearson and we therefore vacate that portion of the judgment awarding fees. Similarly, we decline Pearson's request for attorneys' fees on appeal.

## CONCLUSION

¶ 21 We hold that A.R.S. § 33–812(A)(3) (2000) directs the trustee of a deed of trust to pay excess trustee's sale proceeds to satisfy only obligations provided in or secured by the deed of trust that remain owing to the beneficiary at the time of the sale. We therefore affirm the trial court's entry of summary judgment on behalf of Pearson and against Hanley. However, because A.R.S. § 12–341.01 did not authorize an award of attorneys' fees, we vacate that portion of the judgment awarding fees to Pearson. Finally,

---

**3.** Our holding is in line with decisions issued by other courts. *See Armand's Eng'g, Inc. v. Town & Country Club, Inc.,* 113 R.I. 515, 324 A.2d 334, 337 (1974) (purchaser may not apply surplus proceeds to reduce debt under prior mortgages); *Natick Five Cents Sav. Bank v. Bailey,* 307 Mass. 500, 30 N.E.2d 383, 384 (1940) (purchaser bought property subject to unpaid taxes and so

was not entitled to reimbursement); *Conversion Properties, L.L.C. v. Kessler,* 994 S.W.2d 810, 813–14 (Tex.App.1999) (purchaser of junior lien not entitled to reimbursement from surplus for payments made toward delinquent senior lien because purchaser presumed aware of senior lien at time of purchase).

we decline to award attorneys' fees to Pearson on appeal, although he is entitled to his costs incurred on appeal after he complies with Arizona Rule of Civil Appellate Procedure 21(a).

CONCURRING: CECIL B. PATTERSON, JR. and G. MURRAY SNOW, Judges.