MEMORANDUM **
In this bankruptcy matter, the Chapter 7 debtor, Elegant Custom Homes, Inc. (“ECH”), and its owners, the Robertsons, appeal the district court’s judgment affirming the bankruptcy court. The bankruptcy court, after a bench trial, entered judgment in favor of Elaine M. Dusharm (“Dusharm”) holding that “ECH was the alter ego of the Robertsons and that it would be an injustice not to require the Robertsons to pay Dusharm the money she loaned to ECH.” The bankruptcy court also awarded Dusharm her attorneys’ fees pursuant to Arizona Revised Statute § 12-341.01.
On appeal, the district court held that, under Arizona law, a corporation may not pierce its own corporate veil, and that there was injustice sufficient to sustain the bankruptcy court’s decision to permit Dusharm, a third-party creditor, to pierce the corporate veil. The district court also held that the bankruptcy court properly awarded attorneys’ fees. We affirm the district court.
Under the circumstances presented here, Arizona law authorizes piercing of the corporate veil, see Gatecliff v. Great Republic Life Ins. Co., 170 Ariz. 34, 821 P.2d 725, 729 (1991) (“Plaintiffs must prove ... that observance of the corporate form would sanction a fraud or promote injustice.”). Furthermore, under Arizona law, a corporation may not assert a cause of action to pierce the corporate veil against itself, see Jones v. Teilborg, 151 Ariz. 240, 727 P.2d 18, 25 (1986) (“[T]he doctrine of ‘piercing the corporate veil’ based on alter ego and fraud does not apply to claims asserted by corporate shareholders. This doctrine is only available to third parties who deal with the corporation.” (citations omitted)). Observing the corporate form would be unjust to Dusharm because the Robertsons, as alter egos of ECH, borrowed the money from Dusharm when ECH was insolvent and the Robertsons should have known ECH could not uphold the corporation’s obligation to repay Dusharm. Arizona Revised Statute § 12-341.01 also authorizes the award of attorneys’ fees because the creditor’s claim would not exist “but for” the underlying contractual promissory note. Hanley v. Pearson, 204 Ariz. 147, 61 P.3d 29, 33 (2003) (quoting Sparks v. Republic Nat’l Life Ins. Co., 132 Ariz. 529, 647 P.2d 1127, 1141 (1982)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.