284 P.3d 874

**PNC BANK, Appellant,**

v.

**CABINETRY BY KARMAN, INC., Appellee.**

**No. 1 CA–CV 11–0476.**

Court of Appeals of Arizona, Division 1, Department D.

July 24, 2012.

Tiffany & Bosco, P.A. By Leonard J. McDonald, Jr., David W. Cowles, Phoenix, Attorneys for Appellant.

Gammage & Burnham P.L.C. By Gregory J. Gnepper, Phoenix, Attorneys for Appellee.

## OPINION

THOMPSON, Judge.

¶ 1 Appellant PNC Bank appeals the superior court's denial of its application for excess proceeds and its motion for relief from judgment pursuant to Arizona Rule of Civil Procedure 60(c) (Rule). Resolution of this case turns on interpretation of Arizona Revised Statutes (A.R.S.) section 33–812 (Supp. 2011)[1], the statute governing the disposition of proceeds following a trustee's sale. Finding that the application was timely filed, we reverse and remand to the superior court for proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Following a trustee's sale of property located in Maricopa County, the trustee filed a civil action pursuant to A.R.S. § 33–812(C)–(D) on October 6, 2010, to distribute $29,786.94 in excess funds. The trustee mailed copies of the complaint to multiple parties, including PNC[2] and Cabinetry By Karman (Karman). An exhibit attached to the complaint contained a description of the liens and encumbrances as shown in the trustee's sale guarantee. The claimants were listed in the following order of priority: (1) PNC; (2) City of Phoenix with two separate liens; (3) Karman; and (4) City of Tempe.

¶ 3 Karman filed an application for release of funds with the court on October 21, which stated: "Upon information and belief, Cabinetry By Karman has the superior interest in the remaining funds." A copy of Karman's application was sent to all parties listed in the complaint as potentially having an interest, including PNC. When no party responded to Karman's application within the forty-five days set forth by § 33–812(I), Karman requested a judgment instructing the county treasurer to release the full amount of the excess funds to Karman. On January 13, 2011, the superior court entered judgment awarding the funds to Karman. Karman received the funds on February 15.

¶ 4 On February 22, PNC filed a motion to set aside Karman's judgment and a separate application for the excess proceeds. In the motion to set aside, PNC argued that Karman's judgment was void pursuant to Rule 60(c)(4). In its reply to Karman's response, PNC also sought relief under Rule 60(c)(3) and (6). The superior court denied PNC's motions. The court determined that it had jurisdiction, thus the judgment was not void, and that PNC had not established any basis for the court to conclude that the judgment was voidable. The court further held that PNC failed to file any response to Karman's application within the forty-five days set forth in A.R.S. § 33–812(I).

¶ 5 PNC timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12–2101(A)(1) (Supp.2011).

## DISCUSSION

¶ 6 This dispute hinges on the interpretation of A.R.S. § 33–812(I) and (J). PNC argues that its application for the excess proceeds was filed within the statutory 180-day deadline and that the court erred in denying it as untimely. Karman asserts that PNC waived its right to the proceeds by failing to respond to its application within forty-five days. We review a court order denying relief from judgment under Rule 60(c) for an abuse of discretion. *Tovrea v. Nolan*, 178 Ariz. 485, 490–91, 875 P.2d 144, 149–50 (App.1993). However, we review the superior court's interpretation of a statute de

---

1. We construe A.R.S. § 33–812 as amended by 2010 Ariz. Sess. Laws, ch. 108, § 1 (2d Reg. Sess.) in April 2010.

2. The original loan was entered into by National City Bank. National City Bank merged with and into PNC Bank. For ease in this decision, "PNC" refers to both PNC Bank and its predecessors in interest.

novo. *Hanley v. Pearson,* 204 Ariz. 147, 149, ¶ 5, 61 P.3d 29, 31 (App.2003). When interpreting a statute, we look primarily to the statute's language and give effect to the terms in accordance with their commonly accepted meanings. *State v. Reynolds,* 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992). Where a statute's language is "clear and unambiguous, we apply it without resorting to other methods of statutory interpretation." *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).

¶ 7 Breaking down A.R.S. § 33–812 into its components, we find the statute clear and unambiguous. After a property has been sold at a trustee's sale, § 33–812(A) governs the trustee's application of the sale proceeds and specifies the order of priority to be given. Rather than distribute the funds, the trustee may elect to deposit the balance of the proceeds with the county treasurer and commence a civil action. A.R.S. § 33–812(C)–(D). The trustee must include in the complaint a narrative description of the liens and encumbrances on the property, including an analysis of the apparent priority of potential claimants. A.R.S. § 33–812(D)(4). The trustee is obligated to mail a copy of the complaint to any "person known by the trustee to have an interest of record in the property at the time of the sale." A.R.S. § 33–812(D). Once the trustee fulfills the obligations outlined in the statute, he or she is discharged without prejudice from the civil action. A.R.S. § 33–812(F).

¶ 8 Any person with a legal interest in the property at the time of the sale may then file an application in the civil action for the release of the proceeds. A.R.S. § 33–812(G). The applicant must mail a copy of the application to every interested party. *Id.* The statute subsequently provides that "[a]ny person who receives the application or who claims a right to the proceeds may file a response to the application within forty-five days of the latest mailing of the application." A.R.S. § 33–812(I). Karman urges us to find that this sentence requires a response within forty-five days or any claim is waived. However, section (I) states only that a response "may" be filed, and it says nothing at all about the waiver of any rights. Karman also ignores § 33–812(J) [3] and the requirements set forth therein. We must read the statute as a whole and give meaningful operation to all of its provisions. *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

¶ 9 Section 33–812(J) requires an applicant to acknowledge any interest that could have priority. A.R.S. § 33–812(J) ("Every applicant or respondent shall acknowledge the existence of any apparent lien, encumbrance or interest that could have priority over the applicant or respondent.") The trustee's analysis of potential claimants in the complaint, along with the applicant's acknowledgment of any superior interests, gives the court the information it needs to carry out its responsibility under section (J) to determine if any other person has a superior right to the proceeds over the applicant. *Id.* Neither

---

3. Section 33–812(J) provides:

Except as provided in subsection L of this section, the court shall issue an order to the county treasurer to release the proceeds deposited with the county treasurer to the party entitled to receive them after applying the priorities prescribed by subsection A of this section. On notice to all persons who have received a copy of the complaint or who have filed a responsive pleading, the court may, and if there are competing claims to the proceeds, the court shall, hold a hearing to determine entitlement to the proceeds. Every applicant or respondent shall acknowledge the existence of any apparent lien, encumbrance or interest that could have priority over the applicant or respondent. If the court finds that a person other than an applicant or respondent has a superior right to receive the proceeds, the court shall not issue an order on the proceeds

until one hundred eighty days from the date the complaint was filed. At any time before the expiration of the one hundred eighty day period, an applicant or respondent may move for a hearing to determine whether the claimed superior right is valid or enforceable and whether the claim is entitled to receive priority over the claim of the applicant or respondent. The motion shall set forth the specific facts and evidence that support the applicant's or respondent's position and shall be mailed to all persons who have received a copy of the complaint or filed a responsive pleading. If a response is not filed within the one hundred eighty day period by the person found by the court to have a superior right to receive the proceeds, the court shall enter an order in favor of any applicant or respondent entitled to the proceeds....

of these obligations were fulfilled here. Karman stated in its application that it had the superior interest in the remaining funds, despite information in the complaint to the contrary. Even if Karman believed it had priority, the statute requires it to acknowledge any interest that "could have priority." *Id.* Clearly the PNC lien and City of Phoenix liens "could" be superior, considering the trustee listed them in that order. Although Karman failed to acknowledge these interests, the court still had the complaint to aid it in determining if any superior rights existed. Instead, the court released the funds to Karman.

¶ 10 The statute provides that "[i]f the court finds that a person other than an applicant or respondent has a superior right to receive the proceeds, the court shall not issue an order on the proceeds until one hundred eighty days from the date the complaint was filed." A.R.S. § 33–812(J). Because the court had information regarding a lien superior to the applicant's, it should not have issued an order on the proceeds until 180 days from the date the complaint was filed. If no priority lien holder filed a response within the 180–day period, the court could then enter an order releasing the proceeds to the applicant. *Id.* If Karman questioned the validity of these other liens, it could have moved for a hearing at any time to determine whether they were valid or enforceable, setting forth any evidence to support its position. *Id.* Consequently, we hold that the superior court erred in releasing the excess funds to Karman before 180 days from the date the complaint was filed.

¶ 11 Karman argues that our holding would make the forty-five day deadline in section (I) superfluous. We disagree. If an applicant has the superior interest, the proceeds would be released following the forty-five day response deadline in § 33–812(I). However, where the court has information regarding potential priority lien holders, the requirements set forth in § 33–812(J) must be followed.

## CONCLUSION

¶ 12 Based on the foregoing, we reverse the judgment of the superior court and remand for further proceedings consistent with this opinion.

CONCURRING: MICHAEL J. BROWN, Acting Presiding Judge and MARGARET H. DOWNIE, Judge.