IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KEVORK BEKELIAN, et al., *Applicants/Appellants*,

*v.*

JP MORGAN CHASE BANK NA, *Claimant/Appellee*.

No. 1 CA-CV 18-0360
FILED 3-19-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2017-000467
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

LaBenz Law PLLC, Sedona
By Julie A. LaBenz
*Counsel for Applicants/Appellants*

Tiffany & Bosco P.A., Phoenix
By Leonard J. McDonald, Jr., Michael F. Bosco
*Counsel for Claimant/Appellee*

---

**OPINION**

---

Presiding Judge Paul J. McMurdie delivered the opinion of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1 Kevork and Christiane Bekelian appeal the superior court's order releasing the excess proceeds from a trustee's sale to JP Morgan Chase Bank NA ("Chase Bank"). We hold if a junior claimant files an application for excess proceeds resulting from a trustee's sale, and the superior court has reason to know a senior claimant may exist, the court may not issue an order releasing the proceeds until at least 180 days from the date the complaint is filed. *See* Ariz. Rev. Stat. ("A.R.S.") § 33-812(G), (J). In so holding, we reject the argument that A.R.S. § 33-812(J) imposes a 180-day deadline for applying for excess proceeds. Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The Bekelians owned real property in Scottsdale. In 2003 and 2007, they executed deeds of trust against the property. Chase Bank is the beneficiary of the 2007 deed of trust. In November 2016, a trustee sold the property at a trustee's sale for $375,100 based on the 2003 deed of trust. After satisfaction of the debt owed to the foreclosing beneficiary and payment of the trustee's attorney's fees and costs, excess proceeds totaling $167,031.42 remained. At the time of the trustee's sale, Chase Bank's principal payoff balance was $220,000.

¶3 On January 9, 2017, the trustee deposited the excess proceeds with the county treasurer, filed a civil complaint, and was discharged from the proceedings. *See* A.R.S. § 33-812(C), (D). On July 10, 2017, the Bekelians applied for release of the excess proceeds. *See* A.R.S. § 33-812(G). Approximately three weeks later, Chase Bank filed a response and separately applied for release of the excess proceeds, arguing that as the second lien holder it was entitled to the excess proceeds. In response, the Bekelians argued Chase Bank's application was untimely.

¶4 Chase Bank moved for entry of judgment. The parties stipulated to material facts, including that the complaint identified Chase Bank's second lien as having priority over the Bekelians' interest. The superior court awarded Chase Bank the excess proceeds, finding it timely responded to the Bekelians' application and had a superior claim to the proceeds. The Bekelians appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶5**         The Bekelians argue the superior court erred by releasing the excess proceeds to Chase Bank. They contend A.R.S. § 33-812(J) establishes a 180-day deadline for applying for excess proceeds and any response. Accordingly, they argue they timely filed their application, while Chase Bank untimely filed its application and response. Therefore, the court should have awarded the Bekelians the excess proceeds. The text of A.R.S. § 33-812, however, does not support the argument.

**¶6**         Statutory interpretation presents a question of law, which we review *de novo. In re Estate of Bradley*, 244 Ariz. 431, 432, ¶ 7 (App. 2018). Our primary goal when interpreting a statute is to give effect to the legislature's intent. *J.D. v. Hegyi*, 236 Ariz. 39, 40, ¶ 6 (2014). "If a statute's language is clear and unambiguous, it is the best indicator of that intent, and we apply it as written without resorting to other methods of statutory interpretation." *State v. Kemmish*, 244 Ariz. 314, 316, ¶ 10 (App. 2018). "When possible, we seek to harmonize statutory provisions and avoid interpretations that result in contradictory provisions." *Premiere Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 195, ¶ 9 (2016); *see also State v. Seyrafi*, 201 Ariz. 147, 150, ¶ 14 (App. 2001) (statutory provisions must be "construed in context with related provisions and in light of their place in the statutory scheme"). "We presume the legislature did not intend to write a statute that contains a void, meaningless, or futile provision," and when possible, we interpret a statute to give meaning to every word or phrase. *State v. Pitts*, 178 Ariz. 405, 407 (1994).

**¶7**         After a property is sold at a trustee's sale, A.R.S. § 33-812(A) "governs the trustee's application of the sale proceeds and specifies the order of priority to be given." *PNC Bank v. Cabinetry by Karman, Inc.*, 230 Ariz. 363, 365, ¶ 7 (App. 2012). "Rather than distribute the funds, the trustee may elect to deposit the balance of the proceeds with the county treasurer and commence a civil action." *Id.* (citing A.R.S. § 33-812(C)–(D)). In a complaint commencing a civil action, the trustee must include a "narrative description of the liens and encumbrances [on the property], including an analysis of the apparent priority of potential claimants." *Id.* (citing A.R.S. § 33-812(D)(4)). Once the trustee fulfills the obligations outlined in A.R.S. § 33-812, including mailing a copy of the complaint to any "person known by the trustee to have an interest of record in the property at the time of the sale," A.R.S. § 33-812(D), the trustee is discharged without prejudice from the action, A.R.S. § 33-812(F).

¶8          Any person with a "legal interest in the property at the time of the sale may apply for the release of the proceeds by filing an application for distribution in the civil action." A.R.S. § 33-812(G). The applicant must acknowledge "any apparent lien, encumbrance or interest that could have priority." A.R.S. § 33-812(J); *PNC Bank*, 230 Ariz. at 365, ¶ 9. The applicant must also mail a copy of the application to every interested party. A.R.S. § 33-812(G). Then, "[a]ny person who receives the application or who claims a right to the proceeds may file a response to the application within forty-five days of the latest mailing of the application." A.R.S. § 33-812(I).

¶9          Under A.R.S. § 33-812(J), the superior court must issue an order releasing the excess proceeds "to the party entitled to receive them" based on the priorities delineated by A.R.S. § 33-812(A). If competing claims to the proceeds are filed, the court must hold a hearing to determine who has the superior right to the funds. A.R.S. § 33-812(J). Further, "[i]f the court finds that a person other than an applicant or respondent has a superior right to receive the proceeds, the court shall not issue an order on the proceeds *until one hundred eighty days from the date the complaint was filed*." A.R.S. § 33-812(J) (emphasis added); *see also PNC Bank*, 230 Ariz. at 366, ¶ 11 ("[W]here the court has information regarding potential priority lien holders, the requirements set forth in § 33-812(J) must be followed."). Any time before the 180-day period expires, "an applicant or respondent may move for a hearing to determine whether the claimed superior right is valid or enforceable and whether the claim is entitled to receive priority over the claim of the applicant or respondent." A.R.S. § 33-812(J). "If a response is not filed within the one hundred eighty day period by the person found by the court to have a superior right to receive the proceeds, the court shall enter an order in favor of any applicant or respondent entitled to the proceeds." *Id.*

¶10          Contrary to the Bekelians' argument, the 180-day period referenced in A.R.S. § 33-812(J) is not a deadline. Instead, it is the earliest possible date the superior court may issue an order releasing the proceeds if it has information that a claim superior to an applicant's claim may exist. *See PNC Bank*, 230 Ariz. at 366, ¶ 10 ("Because the court had information regarding a lien superior to the applicant's, it should not have issued an order on the proceeds until 180 days from the date the complaint was filed."). To hold that A.R.S. § 33-812(J) imposes a 180-day deadline for filing any applications and responses would render other provisions of A.R.S. § 33-812 meaningless, which we will not do. *See PNC Bank*, 230 Ariz. at 365, ¶ 8 ("We must read the statute as a whole and give meaningful operation to all of its provisions.").

¶11          Under A.R.S. § 33-812(L), "[e]xcess proceeds . . . are presumed abandoned if the monies remain with the treasurer for at least two years from the date of deposit and there is no pending application for distribution." Therefore, claimants have two years from the date the trustee deposits the funds with the county treasurer to apply. If a senior claimant applies, the superior court may issue an order releasing the proceeds after the 45-day response period has run. And the court may do so before the 180-day period expires.

¶12          If, however, a junior claimant applies, A.R.S. § 33-812(J)'s requirements must be followed. *See PNC Bank*, 230 Ariz. at 366, ¶ 11. If a junior claimant files an application, and the court has reason to know a senior claimant may exist, the court may not issue an order releasing the proceeds until at least 180 days from the date the complaint is filed. A.R.S. § 33-812(J); *PNC Bank*, 230 Ariz. at 366, ¶ 10 (superior court had information a senior lienholder may have existed and erred by releasing the proceeds to a junior lienholder before 180 days from the date the complaint was filed, despite the senior lienholder failing to respond to the junior lienholder's application within 45 days). Under A.R.S. § 33-812, the superior court must also allow potential respondents 45 days to respond, even if the response time extends beyond 180 days from the date the complaint is filed. *See PNC Bank*, 230 Ariz. at 365, ¶ 8.

¶13          If we were to accept the Bekelians' argument that A.R.S. § 33-812(J) imposes a 180-day deadline on filing any applications and responses, then in certain instances, like the present case, A.R.S. § 33-812(I) would have no applicability. The Bekelians filed their application 182 calendar days after the trustee filed the complaint, which under their theory was the last possible day to file a claim because the 180th day was on Saturday. Thus, under their interpretation, Chase Bank would not have an opportunity to respond to their application, despite having a superior right to the proceeds. This interpretation contradicts the plain language of A.R.S. § 33-812 when read as a whole, and we reject it.

¶14          In this case, Chase Bank filed its response and a separate application 23 days after the Bekelians filed their application, well within A.R.S. § 33-812(I)'s 45-day response period. After receiving the application and the response, the superior court appropriately held a hearing to determine which party was entitled to the proceeds. *See* A.R.S. § 33-812(J). After the hearing, the court found: (1) "Chase Bank has a superior claim to the excess proceeds, and that the 45 day response period articulated in A.R.S. 33-812 (I) permits Chase Bank's application"; (2) that the Bekelians' argument "would render the intent of A.R.S. 33-812 (I) completely

5

meaningless"; and (3) Chase Bank timely responded to the Bekelians' application. Thus, the superior court issued an order releasing the excess proceeds to Chase Bank.

¶15       The superior court correctly interpreted A.R.S. § 33-812 to permit Chase Bank to file its application and response more than 180 days after the complaint was filed. The court did not err by releasing the excess proceeds to Chase Bank.

## ATTORNEY'S FEES

¶16       Chase Bank requests attorney's fees under A.R.S. § 12-341.01(A), which provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." The contract fee statute "does not apply to purely statutory causes of action" or "if the contract is a factual predicate to the action but not the essential basis of it." *Hanley v. Pearson*, 204 Ariz. 147, 151, ¶ 17 (App. 2003). Moreover, if "a cause of action is based on a statute rather than a contract, the peripheral involvement of a contract does not support the application" of the contract fee statute. *Id.* at 151, ¶ 17.

¶17       In *Hanley*, the purchaser of a property following a trustee's sale sought a declaratory judgment establishing that, under A.R.S. § 33-812(A), excess proceeds must be paid to extinguish a tax lien on the property before any proceeds can be released to the former property owner. 204 Ariz. at 148, ¶ 4. This court held the case did not arise out of a contract and declined to award fees on that basis. *Id.* at 151, ¶¶ 18, 20. We explained the deed of trust, which obligated the former owner to pay the property taxes, "formed only a factual predicate for the action and was not its essential basis," that it was unnecessary to interpret the deed of trust to resolve the case, and that the essential basis of the dispute was the meaning of A.R.S. § 33-812(A)(3). *Id.* at ¶ 18.

¶18       Likewise, the deed of trust here between Chase Bank and the Bekelians formed only a factual predicate for the action and is not its essential basis. Instead, the essential basis for the dispute is the interpretation of A.R.S. § 33-812(J) and whether Chase Bank or the Bekelians are entitled to the excess proceeds. We were not required to interpret the deed of trust, nor was the document a factor that caused the dispute. *See Keystone Floor & More, LLC v. Ariz. Registrar of Contractors*, 223 Ariz. 27, 30, ¶ 10 (App. 2009) ("Generally, the words 'arising out of a contract' describe an action in which a contract was the main factor causing

the dispute."). Therefore, A.R.S. § 12-341.01(A) does not apply to this case, and we decline to award Chase Bank attorney's fees on appeal.

## CONCLUSION

**¶19** For the foregoing reasons, we affirm the superior court's order releasing the excess proceeds to Chase Bank. Chase Bank is entitled to its costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-341.



AMY M. WOOD • Clerk of the Court
FILED: AA