NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

VISTA SANTA FE HOMEOWNERS ASSOCIATION, *Plaintiff/Appellee,*

*v.*

MALAYA MATIC MILLAN, et al., *Defendants/Appellees.*

PATTERSON COMMERCIAL LAND ACQUISITON

& DEVELOPMENT LLC, *Appellant.*

No. 1 CA-CV 18-0609
FILED 10-15-2019

Appeal from the Superior Court in Maricopa County
No.  CV 2017-000134
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Rusing Lopez & Lizardi PLLC, Scottsdale
By Patricia A. Premeau
*Counsel for Appellant*

ZBS Law, LLP, Phoenix
By Kim R. Lepore, Eric L. Cook, Joseph J. Tirello
*Counsel for Defendant/Appellee, The Bank of New York Mellon*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

**¶1** Patterson Commercial Land Acquisition & Development, LLC ("Patterson") appeals the superior's courts denial of its motion to intervene under Arizona Rule of Civil Procedure 24(a). For the following reasons, we affirm.

## BACKGROUND

**¶2** In 2000, Malaya Millan purchased real property subject to certain covenants, conditions, and restrictions of the Vista Santa Fe Homeowners Association. The property was also subject to both a first and second deed of trust. By January 2017, Millan was deficient in her HOA assessment obligations, and the HOA filed an action to foreclose on its assessment lien. The HOA eventually filed a motion for summary judgment; Millan never responded, and the court granted judgment for the HOA and authorized a sheriff's sale of her property.

**¶3** On December 7, 2017, Patterson purchased the property at the sheriff's sale for $42,000. The HOA's judgment was satisfied, and the excess proceeds from the sale in the amount of $28,719.33 were deposited with the clerk of the court. The same day, the holder of the first deed of trust commenced a trustee's sale, and the property was sold to a third party on March 13, 2018.

**¶4** Shortly thereafter, the Bank of New York Mellon, holder of the second deed of trust, was permitted to intervene as of right in the still pending HOA foreclosure action. As holder of the second deed of trust, the bank requested the excess proceeds from the sheriff's sale in partial satisfaction of its lien. Patterson then moved to intervene as of right under Arizona Rule of Civil Procedure 24(a), seeking the excess proceeds from the December sale—the proceeds from Patterson's own purchase of the property. The court denied Patterson's motion to intervene, finding no statute granted Patterson an interest in the property before the sheriff's sale,

which was the relevant time to examine Patterson's claim. Patterson timely appealed.

## DISCUSSION

**¶5**　　This court reviews de novo the superior court's denial of a request for intervention as of right under Rule 24(a)(2). *Woodbridge Structured Funding, LLC v. Arizona Lottery*, 235 Ariz. 25, 28, ¶ 11 (App. 2014). "It is well settled in Arizona that Rule 24 'is remedial and should be liberally construed with the view of assisting parties in obtaining justice and protecting their rights' . . . ." *Heritage Vill. II Homeowners Ass'n v. Norman*, 246 Ariz. 567, 573, ¶22 (App. 2019) (citation omitted).

**¶6**　　We apply the following test to determine whether intervention as of right is proper:

> (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the other parties.

*Planned Parenthood Arizona, Inc. v. Am. Ass'n of Pro-Life Obstetricians & Gynecologists*, 227 Ariz. 262, 280, ¶60 (App. 2011). Further, the party seeking intervention must prove a "direct legal effect upon its rights," as opposed to a "possible or contingent equitable effect." *Woodbridge*, 235 Ariz. at 28, ¶15.

**¶7**　　The nature of Patterson's interest in the property is the primary issue here. Patterson argues that because it obtained equitable—but not legal—title to the property upon the sheriff's sale, it was entitled to the excess proceeds from the sheriff's sale. However, as the superior court correctly noted, the question is a matter of timing. A.R.S. § 33-727(B), which addresses the order and priority of liens upon the sale of a mortgaged property, controls what occurs if there are excess funds after payment of the foreclosure judgment: "If there are other liens on the property sold, or other payments secured by the same mortgage, they shall be paid in their order."

**¶8**　　Patterson argues that § 33-727(B) supports its claim to the excess proceeds because it obtained the HOA's interest in the property after the sale, and HOA liens have priority over all interest holders except the

holder of a first deed of trust. *See* A.R.S. § 33-1807(B). This argument fails, however, for at least two reasons. First, even if Patterson succeeded to the HOA's interest, that lien was extinguished upon receipt of funds from the sale because the HOA received enough to satisfy the judgment. *See* A.R.S. § 33-727(A). Second, Patterson's argument is not supported by a reasonable reading of A.R.S. § 33-727. Under subsection B, a lien, or some other interest that might constitute a valid claim to the excess proceeds, must, of necessity, already exist at the time of sale. *See* § 33-727(B). Though the statute does not explicitly state that these interests must exist "at the time of the sale," any other conclusion would lead to uncertainty and does not flow logically from the statute itself; liens that do not exist at the time of sale cannot be "paid in their order."

¶9        This construction is consistent with statutes and case law governing trustee's sales, where the relevant stage in the proceedings for determining any party's interest in excess proceeds is "at the time of the sale." A.R.S. § 33-812; *PNC Bank v. Cabintry By Karman, Inc.*, 230 Ariz. 363, 365, ¶8 (App. 2012). Though the legislature has included the "at the time of the sale" language in our trustee's sale statutes and has not repeated the same language in the sheriff's sale statutes, the only reasonable application of § 33-727(B) is that the interest in the proceeds must have existed at the time of sale. The Restatement (Third) of Property also supports this analysis: "[L]iens and other interests terminated by the foreclosure attach to the surplus in order of the *priority they enjoyed prior to the foreclosure.*" Restatement (Third) of Property (Mortgages) § 7.4 (1997) (emphasis added); *see Hanley v. Pearson*, 204 Ariz. 147, 149, ¶10 (App. 2003) (citing Restatement (Third) of Property (Mortgages) § 7.4 in construing Arizona statutes regarding proceeds from foreclosure). Here, Patterson had no legal interest in the property at the time of the sale and admits as much on appeal. Thus, Patterson could not have been included among the potential creditors having claims to the excess proceeds.

¶10        Patterson also suggests that upon paying $42,000 at the sheriff's sale, it became a creditor of Millan, with the sheriff's certificate of sale creating a lien against the property. Patterson cannot base its claim to proceeds from its own purchase by claiming whichever interest seems to yield the better result. In any case, whatever interest Patterson acquired *after* the sale is irrelevant, and Patterson cites no contrary authority. As far as the record reveals, the property was subject to only two liens at the time of sale—the first and second deeds of trust.

¶11        Because Patterson failed to demonstrate it had any valid legal claim to the excess proceeds, the superior court properly denied Patterson's

motion to intervene. Accordingly, we need not address whether the motion to intervene was timely, whether disposition of the action could have impaired or impeded Patterson's ability to protect its interest, or whether other parties could protect Patterson's interest. *See, e.g.*, *Woodbridge*, 235 Ariz. at 29, ¶20.

## CONCLUSION

¶12     We affirm the superior court's denial of Patterson's motion to intervene. Because the Bank of New York Mellon is the successful party on appeal, it is entitled to taxable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA