NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ASHTON RANCH COMMUNITY HOMEOWNERS

ASSOCIATION, INC., *Plaintiff/Appellee*,

*v.*

BERNADINE JONES, *Defendant/Appellee*.

PATTERSON COMMERCIAL LAND ACQUISITION

& DEVELOPMENT LLC, *Intervenor/Appellant*.

No. 1 CA-CV 19-0299
FILED 2-6-2020

Appeal from the Superior Court in Maricopa County
No.  CV 2016-016178
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Rusing Lopez & Lizardi PLLC, Scottsdale
By Patricia A. Premeau
*Counsel for Intervenor/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Chief Judge Peter B. Swann joined.

---

**B R O W N**, Judge:

¶1        Patterson Commercial Land Acquisition Development LLC ("Patterson") appeals the superior court's denial of Patterson's request for the payment of the excess proceeds from a judicial foreclosure.  For the following reasons, we affirm.

## BACKGROUND

¶2        Bernadine Jones owned property subject to certain covenants, conditions, and restrictions of the Ashton Ranch Community Homeowners Association, Inc. ("HOA").  The property was also subject to a recorded first deed of trust.  Jones failed to pay her HOA assessments in a timely manner and the HOA filed an action to foreclose the lien.  *See* A.R.S. § 33-1807 ("The association's lien for assessments . . . may be foreclosed in the same manner as a mortgage on real estate . . . .").  After Jones failed to respond, the superior court granted judgment in favor of the HOA and ordered the property be sold by the sheriff.

¶3        On January 11, 2018, Patterson purchased the property at the sheriff's sale for $52,000.  The HOA's judgment was satisfied in full, and the excess proceeds from the sale in the amount of $37,970.04 were deposited with the clerk of court.  Patterson, however, failed to make payments to the holder of the first deed of trust, and the property was sold at a trustee's sale on August 20, 2018.

¶4        Patterson moved to intervene in this action under Arizona Rule of Civil Procedure 24(a), seeking the excess proceeds from the sheriff's sale.  The superior court granted the motion to intervene.  Patterson and Jones later filed competing requests for payment of the excess proceeds. The court granted Jones' request, concluding that no statute supported

2

Patterson's assertion that it had the right to the excess proceeds. Patterson timely appealed.[1]

## DISCUSSION

**¶5**        We review issues of law and of statutory interpretation de novo. *Bank of America, N.A. v. Felco Bus. Servs., Inc. 401(K) Profit Sharing Plan*, 243 Ariz. 150, 154, ¶ 11 (App. 2017).

**¶6**        Patterson argues that because it obtained equitable—but not legal—title to the property upon the sheriff's sale, it was entitled to the excess proceeds from the sale. Section 33-727(B), which addresses the order and priority of liens upon the sale of a mortgaged property, controls what occurs if there are excess funds after payment of the foreclosure judgment: "If there are other liens on the property sold, or other payments secured by the same mortgage, they shall be paid in their order . . . and if there are no other liens the balance shall be paid to the mortgagor."

**¶7**        Patterson contends that § 33-727(B) supports its claim to the excess proceeds because it obtained the HOA's interest in the property after the sale, and HOA liens have priority over all interest holders except the holder of a first deed of trust.[2] *See* A.R.S. § 33-1807(B). This argument fails, however, for at least two reasons. First, even if Patterson succeeded to the HOA's interest, that lien was extinguished upon receipt of funds from the sale because the HOA received enough to satisfy the judgment. *See* A.R.S. § 33-727(A). Second, Patterson's argument is not supported by a reasonable reading of A.R.S. § 33-727. Under subsection B, a lien, or some other interest that might constitute a valid claim to the excess proceeds, must, of necessity, already exist at the time of sale. *See* § 33-727(B). Though the statute does not explicitly state that these interests must exist "at the time of the sale," any other conclusion would lead to absurd results and would

---

[1]        Jones did not file an answering brief, which we could treat as a concession of reversible error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994). In the exercise of our discretion, however, we consider the merits of the issues Patterson raises on appeal. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

[2]        In *Vista Santa Fe Homeowners Association v. Millan*, 2019 WL 5152257 (Oct. 15, 2019), we rejected this same argument, also raised by Patterson, under very similar circumstances.

not flow logically from the statute itself; liens that do not exist at the time of sale cannot be "paid in their order."

¶8            This construction is consistent with statutes and case law governing trustee's sales, where the relevant stage in the proceedings for determining any party's interest in excess proceeds is "at the time of the sale." A.R.S. § 33-812; *PNC Bank v. Cabinetry By Karman, Inc.*, 230 Ariz. 363, 365, ¶ 8 (App. 2012). Although the legislature has included the "at the time of the sale" language in our trustee's sale statutes and has not repeated the same language in the sheriff's sale statutes, the only reasonable application of § 33-727(B) is that the interest in the proceeds must have existed at the time of sale. The Restatement (Third) of Property also supports this analysis: "[L]iens and other interests terminated by the foreclosure attach to the surplus in order of the *priority they enjoyed prior to the foreclosure.*" Restatement (Third) of Property (Mortgages) § 7.4 (1997) (emphasis added); *see Hanley v. Pearson*, 204 Ariz. 147, 149, ¶ 10 (App. 2003) (citing Restatement (Third) of Property (Mortgages) § 7.4 in construing Arizona statutes regarding proceeds from foreclosure). Here, Patterson had no legal interest in the property at the time of the sale and admits as much on appeal. Thus, Patterson could not have been included among the entities or persons whose liens or other interests were "terminated by the foreclosure."

¶9            Patterson also suggests that upon paying $52,000 at the sheriff's sale, it became a creditor of Jones, with the sheriff's certificate of sale creating a lien against the property. But whatever interest Patterson acquired *after* the sale is irrelevant, and Patterson cites no contrary authority. Because no lienholder made a claim to the proceeds, the superior court properly concluded that Jones, the mortgagor of the HOA lien, was entitled to the excess proceeds.[3] *See* A.R.S. § 33-727(B).

¶10           Finally, Patterson's reliance on *Steinmetz* is misplaced. In that case, this court found that the original owner of the property had no right to the excess proceeds. *Steinmetz, PLLC v. Everyone Wins, LLC*, 1 CA–CV 17–0549, 2018 WL 3028964 (Ariz. App. June 19, 2018). Instead, the priority lienholder was entitled to the proceeds. *Id.* at *1, ¶¶ 2, 4. Even assuming the analysis in *Steinmetz* applies here, it would not help Patterson

---

[3]       The record is silent as to the senior lienholder's involvement, if any, in the sheriff's sale, or whether the senior lienholder was made whole as a result of the trustee's sale.

because it was neither the original owner nor a lienholder at the time of the sheriff's sale.

## CONCLUSION

¶11        We affirm the super court's denial of granting excess proceeds from the judicial foreclosure to Patterson.



AMY M. WOOD • Clerk of the Court
FILED:  AA