NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TERESA HOEVELER, *Plaintiff/Appellant,*

*v.*

ARIZONA ASSOCIATES IN DERMATOLOGY
& COSMETIC SURGERY LLC, *Defendant/Appellee.*

No. 1 CA-CV 20-0120
FILED 1-7-2021

Appeal from the Superior Court in Yavapai County
No. P1300CV201800921
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Horne Slaton, PLLC, Scottsdale
By Thomas C. Horne
*Counsel for Plaintiff/Appellant*

Gammage & Burnham, PLC, Phoenix
By David A. Selden, Julie A. Pace, Heidi Nunn-Gilman,
Melissa Posner Jarrett
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1            Teresa Hoeveler appeals the superior court's grant of summary judgment for Arizona Associates in Dermatology & Cosmetic Surgery, LLC dba Arizona Dermatology Group ("ADG").  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            ADG provides medical, surgical and cosmetic dermatology services in Prescott Valley, Prescott and Cottonwood offices.  Michael Howe and Dr. Ray Johnson co-owned the practice until Dr. Johnson acquired the entire business toward the end of April 2018.  Hoeveler joined ADG as Practice Manager in 2014 and was promoted to Director of Operations in 2015, which required her to supervise the front office and non-medical staff, manage the business and order supplies.  She reported to Howe and Johnson.

¶3            On Wednesday, April 11, 2018, Hoeveler met an ADG employee to discuss job performance issues at the Prescott Valley office.  After the meeting, the employee called Dr. Johnson to complain about Hoeveler's conduct, which she described as abusive and intimidating.

¶4            By that time, Dr. Johnson had received other complaints about Hoeveler.  Dr. Johnson called Hoeveler at lunchtime "to inform her of the transfer [to a business administrator position] and that she would no longer be supervising employees," but her salary would remain unchanged.  She did not accept or reject the transfer.  After the call, Hoeveler left work.  About 20 minutes later, Hoeveler called Johnson, upset and crying.  She said, "I can't accept anything at this time.  I think I'm having a heart attack."  Hoeveler later explained that she believed she was terminated, despite Howe and Johnson's contrary assurances.

¶5            Two days later, on April 13, Hoeveler told Howe she would be visiting a doctor after the weekend.  She later texted Howe, saying she would use paid sick leave and attached a doctor's note directing her to take a week off.

¶6          Hoeveler emailed Dr. Johnson on April 19. She purported to "list" several facts, including that (1) she was "[i]nformed [she was] no longer the manager/practice manager," (2) "[a]ll locks on all three practice locations were changed," (3) "[m]y entire office has been boxed down and set by the door," and (4) "[a]fter an extremely hysterical phone call with [Dr.] Johnson[,] he has never reached out to me again [or] inquired about my health."

¶7          Dr. Johnson emailed Hoeveler back on April 23, sharing his version and assessment of events:

> I spoke with you over the phone on Wednesday, April 11 during the lunch hour. I informed you that I was changing your position at ADG to business administrator not Director of Operations or "office manager." Your position as business administrator would not involve direct supervision of employees. We briefly discussed the reasoning for this change. I did not terminate your employment with ADG. At that time, you acknowledged your understanding of our discussion.
>
> Within 30 minutes you called me back and said that you were not accepting any changed position with ADG and also stated that you were not feeling well and were going to seek medical attention. You did not contact me again on April 11, 12, 13, 14, 15, or 16. By the end of the day on April 16, a total of five days had passed including three consecutive scheduled work days with no contact from you or anyone representing you.
>
> * * *
>
> After waiting another scheduled work day with no contact from you, combined with your previous statement that you were not accepting any changed position with ADG, I concluded that you had voluntarily resigned from your job with ADG.

¶8          Dr. Johnson also cited the "current ADG employee handbook," which directs that "any employee who is absent from work for three or more consecutive scheduled work days and fails to provide notice will be considered to have voluntarily resigned from his/her employment and is not eligible for rehiring."

¶9          Hoeveler never responded to Dr. Johnson's email and instead retained an attorney who demanded that Hoeveler be reinstated to her former position of Director of Operations. ADG responded through

counsel on April 26, explaining that Hoeveler had "refused her position and resigned," "continued to refuse to accept the business administration position," and instead "insisted that she be returned to her previous position." Despite the acrimony, Dr. Johnson reinvited Hoeveler to remain at ADG, "giving her one more opportunity" in a business administration position. She declined four days later.

¶10            Hoeveler sued ADG for retaliation under A.R.S. § 23-364. She alleged that ADG terminated her because she used accrued paid sick leave. ADG answered. After discovery, ADG moved for summary judgment. Hoeveler countered that summary judgment was improper because "[r]easonable minds could draw different inferences, based on evidence, as to whether [Hoeveler] was terminated by ADG or whether [Hoeveler] abandoned her position with ADG." The court granted ADG's motion for summary judgment, finding that Hoeveler had "abandoned her employment prior and she had no intention of returning to ADG in the only position that was offered to her." Hoeveler timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A).

## DISCUSSION

¶11            Hoeveler contends the superior court erroneously granted summary judgment for ADG on her retaliation claim because there are genuine issues of material fact as to whether ADG terminated her in retaliation for using earned paid sick leave in violation of A.R.S. § 23-364(B).

¶12            Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(a). "We review de novo a grant of summary judgment, viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). A moving party is entitled to summary judgment "if the facts produced in support of the [non-movant's] claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense. *Id.* at ¶ 13. A plaintiff bears the burden of showing available, competent evidence that would justify a trial once the defendant establishes it is entitled to summary judgment. *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 156 (App. 1993). We may affirm the superior court's grant of summary judgment if it is correct for any reason. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 581, ¶ 6 (App. 2001).

## A.    Retaliation Claim

¶13        Arizona law prohibits an employer from retaliating against an employee for exercising certain guaranteed rights, including for using earned paid sick time.  A.R.S. §§ 23-364(B), -374(A), (B).  An employee "injured by a violation" of the statute has a private right of action against an employer.  A.R.S. § 23-364(E), (H).  Retaliation includes "any threat, discharge, suspension, demotion, reduction of hours, or any other adverse action against an employee for the exercise of any right guaranteed."  *Id.* (B).  The statute recognizes a presumption of retaliation if adverse action is taken "against a person within ninety days of a person's engaging" in the protected right.  *Id.*  The burden then shifts to the employer to rebut the presumption with "clear and convincing evidence that such action was taken for other permissible reasons."  *Id.*

¶14        As applied here, the summary judgment record reveals that Hoeveler was discharged within 90 days of exercising paid sick leave and was therefore entitled to a presumption of retaliation.  The burden then shifted to ADG to rebut the presumption with "clear and convincing evidence that such action was taken for other permissible reasons."  *Id.*

¶15        ADG met its burden here.   ADG offered emails, contemporaneous documents and deposition testimony that Hoeveler was discharged for "permissible reasons," including (1) the complaint about her treatment of employees, and (2) her failure to respond for nearly two weeks to ADG's proposed reassignment at the same salary.  Hoeveler never disputed these facts, which offered legitimate grounds for her dismissal.  Hoeveler presented no evidence or argument to prove retaliation.  Indeed, Hoeveler only argued that summary judgment was improper based on disputed issues of fact about "whether [she] was terminated by ADG or whether [she] abandoned her position with ADG."

¶16        Hoeveler now contends her deposition testimony "should [have been] sufficient to preclude summary judgment regardless of what the burden of proof is."  Not so.  Hoeveler only testified about the timing of her decision to take sick leave and ADG's discharge, which entitled her to a presumption of retaliation.  Her deposition testimony does not challenge the permissible rationale for her discharge.  Because the record did not create a material issue of fact over the reasons for Hoeveler's discharge, we affirm.

### B.   Attorney Fees

**¶17**      ADG seeks an award of reasonable attorney fees on appeal under A.R.S. § 12-341.01, but Hoeveler sued for retaliation under A.R.S. § 23-364, which only permits an award of fees and costs to the "prevailing plaintiff." A.R.S. § 23-364(G).  Section 12-341.01 "does not apply to purely statutory causes of action." *Hanley v. Pearson*, 204 Ariz. 147, 151, ¶ 17 (App. 2003).  We thus decline ADG's fee request.  As the successful party on appeal, however, ADG is entitled to costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

**¶18**      We affirm the superior court's entry of summary judgment for ADG.



AMY M. WOOD • Clerk of the Court
FILED:    AA