856 P.2d 1201

**Robert T. KENNEDY, a married man, Plaintiff–Appellant,**

**v.**

**LINDA BROCK AUTOMOTIVE PLAZA, INC., an Arizona corporation, Defendant–Appellee.**

**No. 1 CA–CV 91–0161.**

Court of Appeals of Arizona, Division 1, Department B.

July 29, 1993.

Kennedy & Wilson, P.C. by Alan W. Wilson, William D. Bishop, Phoenix, for plaintiff-appellant.

Bellamak & Mitchell by Ferris W. Bellamak, Scottsdale, for defendant-appellee.

OPINION

GARBARINO, Judge.

Robert T. Kennedy appeals from the trial court's award of attorney's fees, pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 12–341.01(A), to Linda Brock Automotive Plaza, Inc. (Brock) in connection with the dismissal of Kennedy's action against Brock under Arizona's "Lemon Law," A.R.S. sections 44–1261 through –1265. We hold that A.R.S. section 12–341.01(A) does not support an award of attorney's fees to Brock because the claim against Brock did not arise out of the lease agreement between Kennedy and Brock and Brock disclaimed any warranties to Kennedy in the lease agreement.

## FACTS AND PROCEDURAL HISTORY

Kennedy leased a 1989 BMW 535iA automobile from Brock. The manufacturer warranted that the car would be free from all defects in materials and workmanship for three years or thirty-six thousand miles. The car was defective and neither Brock nor the manufacturer was able to satisfactorily fix the problems.

Kennedy ultimately sued the manufacturer and Brock seeking relief under the "Lemon Law." After substantial discovery, Brock filed a motion for judgment on the pleadings asserting that Brock was not a proper party defendant in the "Lemon Law" action. The court granted both the motion and Brock's request for attorney's fees pursuant to A.R.S. section 12–341.01, awarding Brock $7,500 in fees. After denying Kennedy's motion for reconsideration, the court entered judgment which it certified final pursuant to Arizona Rule of Civil Procedure 54(b). Kennedy filed a timely notice of appeal that stated:

Please take notice that Plaintiff Robert T. Kennedy hereby appeals to Division I of the Arizona Court of Appeals from that portion of the final Judgment dated December 11, 1990, awarding costs and attorney's fees against Plaintiff Robert T. Kennedy and in favor of Defendant Linda Brock Automotive Plaza, Inc.

Our jurisdiction is based on A.R.S. section 12–2101(B).

## ISSUES

Kennedy presents two issues on appeal:

I. Whether A.R.S. section 12–341.01 permits an award of attorney's fees to Brock, and

II. If so, whether the trial court abused its discretion in the amount of attorney's fees it awarded Brock.

## DISCUSSION

### I. *Availability of Fees under A.R.S. § 12–341.01*

The main issue in this case is whether Brock, in defending itself against a "Lemon Law" action under A.R.S. sections 44–1261 through –1265, was entitled to attorney's fees under A.R.S. section 12–341.-01(A). Kennedy presents three alternative arguments to support his contention that the trial court erred in awarding fees. First, he claims that the trial court improperly dismissed Brock as a defendant and Brock was, therefore, not a successful party. Second, he argues that A.R.S. section 12–341.01(A) is inapplicable because his suit against Brock did not arise out of contract. Third, he asserts that the specific attorney's fees provision of the "Lemon Law" precludes application of the more general contract statute.

## A. *Dismissal of Brock as a Defendant*

■ We are precluded from considering the merits of the trial court's dismissal of Brock without prejudice in ruling on Brock's motion for judgment on the pleadings because Kennedy's notice of appeal was limited to the award of attorney's fees and did not challenge the dismissal itself. Kennedy argues that because fees are awarded to the "successful party" under A.R.S. section 12–341.01, the court may examine the merits of the trial court's ruling in order to determine who should have been the successful party. We rejected this same argument in *Ball v. City of Chandler Improvement Dist.*, stating:

> Finally, we conclude that Chandler's construction of the "successful party" language of A.R.S. § 12–341.01 as permitting relitigation of the underlying merits where such merits were not challenged or contained in the notice of appeal is unwarranted. A.R.S. § 12–341.01 does not confer jurisdiction. Rather, an attack on an award of attorney's fees is limited either to a claim that the trial judge abused his or her discretion in awarding the fees, *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), or that the claim upon which the award is based did not "arise out of contract" within the meaning of the statute. *ASH, Inc. v. Mesa Unified Sch. Dist. No. 4*, 138 Ariz. 190, 673 P.2d 934 (App.1983). All other issues must be specifically contained in the notice of appeal in order to confer jurisdiction on the appellate court. *See Lee v. Lee*, [133 Ariz. 118, 649 P.2d 997 (App.1982)].

150 Ariz. 559, 563, 724 P.2d 1228, 1232 (App.1986). Consequently, we lack jurisdiction to consider Kennedy's argument challenging the trial court's dismissal of Brock.

## B. *Arising out of Contract*

■ Pursuant to A.R.S. section 12–341.01(A), attorney's fees may be awarded only in an action "arising out of contract." If a cause of action is purely statutory, section 12–341.01(A) does not apply. *O'Keefe v. Grenke*, 170 Ariz. 460, 472, 825 P.2d 985, 997 (App.1992). Kennedy argues that his cause of action against Brock was purely statutory. We agree.

■ For purposes of A.R.S. section 12–341.01(A), an action arises out of contract if it could not exist but for the contract. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 543, 647 P.2d 1127, 1141, *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). The statute does not apply if the contract is only a factual predicate to the action but not the essential basis of it. *Cashway Concrete & Materials v. Sanner Contracting Co.*, 158 Ariz. 81, 83, 761 P.2d 155, 157 (App.1988). In that case, Cashway supplied concrete to a subcontractor of Sanner. When the subcontractor failed to pay for the concrete, Cashway sued Sanner, seeking the statutory remedy of a materialman's lien. The court found that although a breach of contract between Cashway and the subcontractor was a factual predicate to the action, it was not the essential basis of it. Rather, the lien issues related to a statutory remedy designed to protect materialmen from nonpayors, a remedy which was wholly separate from the contract. The court held that the action, therefore, did not arise out of the contract. *See also S.K. Drywall v. Developers Fin. Group*, 165 Ariz. 588, 601, 799 P.2d 1362, 1375 (App.1990), vacated in part on other grounds, 169 Ariz. 345, 819 P.2d 931 (1991).

■ This case is similar to *Cashway*. Here, Kennedy entered into a lease agreement with Brock. When Kennedy was unable to get his car repaired to his satisfaction, he sued Brock and the manufacturer seeking statutory relief under the "Lemon Law." The essential basis of the action was a statutory remedy designed to protect purchasers of new vehicles when defects cannot be corrected to comply with express warranties made by manufacturers. We hold that this action did not arise out of the

lease contract and that the trial court erred in awarding attorney's fees to Brock under A.R.S. section 12–341.01.

In so holding, we recognize that a claim for relief under the "Lemon Law" presupposes an express contract because it is based on express warranties. The statute defines a "consumer" as the "purchaser, . . . of a motor vehicle, any person to whom the motor vehicle is transferred during the duration of an express warranty applicable to the motor vehicle or any other person entitled by the terms of the warranty to enforce the obligations of the warranty." A.R.S. § 44–1261(A)(1). The "Lemon Law's" substantive provisions also make clear that it applies to express warranties:

> If a new motor vehicle does not conform to all applicable express warranties . . . the manufacturer, its agent or its authorized dealer shall make those repairs that are necessary to conform the motor vehicle to such express warranties. . . .

A.R.S. § 44–1262. The next section provides remedies if the manufacturer, its agent, or authorized dealer fails to comply with section 44–1262:

> If the manufacturer, its agents or its authorized dealers are unable to conform the motor vehicle to any applicable express warranty . . ., the manufacturer shall replace the motor vehicle with a new motor vehicle . . . or accept return of the motor vehicle from the consumer and refund to the consumer the full purchase price. . . .

A.R.S. § 44–1263(A).

Both A.R.S. sections 44–1262 and –1263 provide remedies to a consumer for a defendant's failure to abide by an express warranty. The duty to honor a warranty arises out of the contract between the consumer, or warrantee, and the warrantor. An express warranty is defined as:

> A written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, dis-

tributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance. . . .

Black's Law Dictionary 1422 (5th ed. 1979).

While the "Lemon Law" provides consumers with certain remedies for a defendant's failure to honor promises it made in an express warranty, here the express warranties were made solely by the manufacturer. The lease agreement contained a warranty disclaimer which explicitly stated that Brock assigned to Kennedy all rights and remedies under the manufacturer's new car warranty to the extent assignable, that Kennedy leased the vehicle from Brock "as is," and that Brock provided no warranty to Kennedy, either express or implied. Although the manufacturer could claim that Kennedy's action based on the warranty arises out of a contract, Brock's warranty disclaimer precludes Brock from making such a claim.

### C. *Preclusion*

Because we find this action did not arise out of the lease agreement but rather was a statutory "Lemon Law" action, it is unnecessary to address Kennedy's preclusion argument.

### II. *Amount of Fees Awarded to Brock*

Because we find that Brock is not entitled to an award of attorney's fees under the facts of this case, we need not reach Kennedy's argument that the amount of fees awarded was excessive.

### CONCLUSION

For the reasons set forth, we reverse the trial court's award of attorney's fees to Brock. Further, we deny Brock's request for attorney's fees on appeal.

EHRLICH, P.J., and JACOBSON, J., concur.