NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DANIELLE J., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, D.M., D.M., C.B., *Appellees.*

No. 1 CA-JV 16-0025
FILED 7-21-2016

Appeal from the Superior Court in Mohave County
No. L8015JD201507010
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Offices of Heather C. Wellborn, P.C., Lake Havasu City
By Heather C. Wellborn
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Daniel R. Huff
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Chief Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1        Danielle J. (Mother) appeals the superior court's order terminating her parental rights to her three children. Mother argues the superior court erred in denying her motion to set aside default (given her failure to appear) and there was no clear and convincing evidence supporting a termination of her parental rights. Because Mother has shown no error, the order is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        D.C.M. was born in 2010, D.N.M. in 2011 and C.B. in 2015.[2] Beginning in March 2013, D.C.M. and D.N.M. were subject to a dependency when the Department of Child Safety (DCS) alleged Mother could not parent due to substance abuse and neglect. Mother engaged in services and, by October 2014, the two children were returned to her care. This first dependency was dismissed in February 2015.

¶3        By early April 2015, based on new reports, including accounts of Mother's renewed substance abuse and neglect, DCS filed a new dependency for all three children. The superior court found the children dependent as to Mother, apparently in mid-April 2015.[3] The court adopted

---

[1] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

[2] Because the two eldest children share the same first and last initials, their middle initials are used in this decision to provide clarity.

[3] Filings from a mid-April 2015 hearing state Mother accepted service and denied the allegations in the petition, but stipulated to the need for a dependency. The court's orders addressed services, adopted a case plan,

a family reunification case plan, with a concurrent case plan of severance and adoption.

¶4 For the first several weeks of this second dependency, the record indicates Mother participated in DCS services. After her husband's sudden death in June 2015, however, Mother stopped participating in services. At an August 2015 permanency planning hearing, the court changed the case plan to severance and adoption. DCS filed a motion to terminate, alleging as to Mother substance abuse, neglect and removal of two children within 18 months of being returned to her care. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(2)-(3), (11) (2016).[4]

¶5 In November 2015, after Mother failed to attend a scheduled pre-adjudication hearing without good cause shown, the court found her in default and deemed her non-appearance an admission to the allegations in the motion to terminate and preserved the findings for a December 2015 evidentiary hearing. Mother promptly filed a motion to set aside, claiming (without providing any evidentiary support) that she attempted to set up transportation to the November 2015 hearing herself (and not through DCS), that she did not hear from individuals she contacted for transportation and that "her ride never showed up the morning of" the hearing. At the December 2015 evidentiary hearing, which Mother also did not attend, the court denied Mother's request to appear telephonically; denied her motion to set aside default and, after receiving evidence and argument, granted the motion to terminate Mother's parental rights.

¶6 The evidence showed Mother failed to complete substance abuse counseling and missed most drug tests. When Mother did test, the results were positive for various drugs, including methamphetamine, heroin and morphine. Although Mother was placed at a residential drug treatment program, she did not successfully complete the program because she was asked to leave given her "bullying and noncompliance." In addition, the DCS caseworker testified termination of parental rights would

and set a permanency planning hearing, suggesting the children were found dependent as to Mother at that time. No transcript was provided for this hearing, where the court also directed DCS to lodge a dependency order. DCS did not lodge the order until late August 2015, and it was not entered until mid-September 2015. The court also found the children dependent as to their fathers, who are not a part of the appeal.

[4] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

be in the best interests of the children because it did not appear Mother would become sober "any time in [the] near future."

**¶7**　　　After considering the evidence, the superior court granted the motion to terminate on all three grounds. This court has jurisdiction over Mother's timely appeal pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1) and -2101(A)(1) and Arizona Rules of Procedure for the Juvenile Court 103-04.

## DISCUSSION

### I.　　Denial Of Mother's Motion To Set Aside Default.

**¶8**　　　Mother argues the superior court abused its discretion in denying her motion to set aside default. The State argues, with some force, that this court lacks jurisdiction to consider the denial because Mother's notice of appeal was limited to the termination order. *See, e.g., Kennedy v. Linda Brock Auto. Plaza*, 175 Ariz. 323, 325 (App. 1993); *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982); Ariz. R.P. Juv. Ct. 104(B) (requiring notice of appeal to "designate the final order or part thereof appealed from"). Mother, however, has not shown the superior court abused its discretion in denying her motion to set aside. To prevail on the motion, Mother was required to "show that (1) mistake, inadvertence, surprise or excusable neglect exists [for her failure to appear as directed] and (2) a meritorious defense to the claims [in the motion to terminate] exists." *Christy A. v. Ariz. Dep't of Econ Sec.*, 217 Ariz. 299, 304 ¶ 16 (App. 2007). Mother's motion did not provide any supporting evidence, and did not address the merits of the motion to terminate. Accordingly, even if appellate jurisdiction exists to examine the superior court's ruling, Mother has not shown an abuse of discretion in denying that motion. *See id.*

### II.　　The Superior Court Did Not Err By Terminating Mother's Parental Rights.

**¶9**　　　As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8–533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (App. 2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights so long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

**¶10**         Mother argues DCS failed to establish by clear and convincing evidence that she "has been unable to discharge her parental responsibilities due to a history of chronic abuse of dangerous drugs," and that the death of her husband caused her to stop engaging in services. The termination of a parent-child relationship is justified when a parent "is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs . . . and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3). The evidentiary record before the superior court supports the termination order on this ground.

**¶11**         By the time of the severance trial, DCS had been offering Mother substance abuse services for more than two years during the dependencies. During this time, Mother frequently missed drug tests and, when she did test, the results were positive for illegal substances (including methamphetamine, heroin and morphine). She was repeatedly closed out of drug testing and substance abuse counseling for noncompliance. The DCS caseworker testified Mother cannot function as a "parent or a person" while under the influence of drugs and becomes "belligerent and violent." The caseworker also testified Mother has not addressed "any of the underlying issues for her drug use" in her attempts to become sober and would likely not attain sobriety "any time in [the] near future." On this record, Mother has not shown the superior court abused its discretion in finding Mother is unable to discharge her parental duties due to her history of chronic abuse of dangerous drugs and that there are reasonable grounds to believe the condition will continue for a prolonged indeterminate period.[5]

---

[5] Given this conclusion, this court need not address the other grounds for termination the superior court found DCS had proven. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 3 (App. 2002). Moreover, although not challenged by Mother on appeal, the record supports the superior court's finding that severance is in the best interests of the children as they are placed together with a familial, potentially-adoptive placement.

**CONCLUSION**

¶12 The superior court's order terminating Mother's parental rights to D.C.M., D.N.M. and C.B. is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA