NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BASELINE TREE CO, LLC, *Plaintiff/Appellee,*

*v.*

SUN VALLEY NURSERY, LLC, *Defendant/Appellant.*

No. 1 CA-CV 18-0520
FILED 5-14-19

Appeal from the Superior Court in Maricopa County
No. TJ2018-000267
The Honorable Margaret Benny, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Marko Law, PLLC, Phoenix
By Edward J. Marko
*Counsel for Plaintiff/Appellee*

Ivan & Associates, P.C., Phoenix
By Florin V. Ivan
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Judge:

**¶1** Sun Valley Nursery, LLC ("Appellant") challenges the superior court's judgment ordering a writ of garnishment (non-wages) in favor of creditor Baseline Tree Co, LLC ("Appellee"). Appellant argues that the superior court violated its procedural due process rights by granting Appellee's motion to enter judgment against Wells Fargo Bank ("Garnishee") before Appellant had a chance to respond to the motion. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2** Appellant did not include a statement of facts in its opening brief that complies with Arizona Rule of Civil Appellate Procedure 13. Although we may deny relief due to Appellant's non-compliance, we nevertheless exercise our discretion to decide this appeal on the merits. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966). Our recitation of the operative facts is gleaned from the record on appeal.

**¶3** In late 2016, Appellant contractually created an open account to facilitate purchasing various plants from Appellee's nursery. Appellee provided plants on two occasions and billed Appellant $8,675. Appellant failed to make a payment on the account, and in September 2017, Appellee filed a complaint alleging breach of contract to recover the money owed for the plants.

**¶4** Appellant failed to answer the complaint, and Appellee obtained a default judgment. Appellee then obtained a writ of garnishment against Garnishee, and Garnishee filed an answer. Appellant objected to the writ of garnishment and requested a hearing to challenge the sufficiency of the judgment pursuant to Arizona Revised Statutes ("A.R.S.") section 12-

2

1580 (2019).[1]  At that hearing on May 8, 2018, Appellant argued the default judgment was void due to improper service of process and therefore the writ of garnishment was ineffective.  The court then set an evidentiary hearing for May 18, 2018.  Following that hearing, the court took the matter of Appellant's objection to the underlying judgment and Appellee's entitlement to judgment against Garnishee under advisement.

**¶5**          On June 28, 2018, Appellee filed a motion for judgment against Garnishee, asserting that Appellant's defense of improper service failed as a matter of law.  On July 10, 2018, the superior court entered a final judgment in favor of Appellee against Garnishee.

**¶6**          Appellant timely filed this appeal in August 2018, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(c).

## ANALYSIS

### I.     *Procedural Due Process*

**¶7**          Appellant asserts the superior court erred by granting Appellee's motion before allowing the fifteen-day period for a response to pass as required in Arizona Rules of Civil Procedure 6(c) and 7.1(a)(3). [2] Appellant contends this error violated its procedural due process rights under the Fourteenth Amendment of the United States Constitution and Article 2, Section 4 of the Arizona Constitution, by depriving it of property without an adequate opportunity to be heard.  "We review constitutional issues *de novo*."  *Fragoso v. Fell*, 210 Ariz. 427, 432, ¶ 13 (App. 2005).

**¶8**          As a preliminary matter, we note that neither the United States Constitution nor the Arizona Constitution entitles a person or entity to a judicial proceeding free from error.  *Beck v. Washington*, 369 U.S. 541, 554-55 (1962) ("We have said time and again that the Fourteenth Amendment does not assure uniformity of judicial decisions or immunity from judicial error.") (internal quotation omitted); *Crouch v. Justice of Peace Ct. of Sixth Precinct*, 7 Ariz. App. 460, 466 (App. 1968) ("The fact that a

---

[1]      Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have since occurred.

[2]      Appellant does not argue on appeal that the service of process of the underlying complaint was improper; accordingly, that issue is waived. *Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29 (App. 2000) ("[I]ssues not clearly raised in appellate briefs are deemed waived.").

judicial error may be made in a proceeding does not necessarily imply a denial of due process of law."). A judicial error amounts to a procedural due process violation when the error prevents a party from being heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted).

**¶9** Appellee argues in response that the court's order of July 10, 2018, reflected the overruling of Appellant's objection to the writ of garnishment, resulting in judgment against the Garnishee. This ruling rendered moot Appellee's subsequent motion for judgment against Garnishee. This is an entirely plausible interpretation; however, we cannot determine with certainty from the record whether this is in fact what occurred. That uncertainty, however, does not affect the ultimate outcome on appeal. Even assuming the superior court procedurally erred in granting Appellee's pending motion by entering judgment against Garnishee before the allotted fifteen-day period to respond to the motion had passed, this error did not amount to a constitutional violation as alleged by Appellant.

**¶10** The record shows Appellant's counsel appeared at both hearings to challenge the writ of garnishment, and he substantively argued on Appellant's behalf. The superior court then took the matter under advisement before issuing its judgment against Garnishee. Our review of the subsequent "motion" filed by Appellee shows such pleading was in the nature of a post-hearing memorandum, submitted to address Appellant's argument that service of process of the original complaint was invalid. Assuming without deciding that the superior court erred by ruling prior to the expiration of the fifteen days, Appellant offers no argument that its response to this memorandum of law would have included arguments or authorities different than those previously presented at the two hearings, and Appellant does not assert on appeal that the superior court failed to consider relevant evidence in making its judgment. Additionally, Appellant does not assert any reason to believe the superior court would have reached a different result by waiting for Appellant's response before ruling on the merits. As such, Appellant has failed to show any prejudice on appeal, and we find none in our independent review of the record. *Dykeman v. Ashton*, 8 Ariz. App. 327, 329 (App. 1968) ("[I]t will not be presumed that an error is prejudicial so as to require reversal, but the prejudice must appear from the record.").

*II.    Costs and Attorneys' Fees*

**¶11**    Appellee requests its attorneys' fees and costs on appeal pursuant to A.R.S. §§ 12-341.01, -1580(E), and -341.

**¶12**    Garnishment proceedings are purely statutory and are treated as actions independent of the underlying lawsuit. *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 207, ¶ 13 (App. 2014). This court has previously held that § 12-341.01 does not apply to actions that are purely statutory. *Id.*; *see also Kennedy v. Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 325 (App. 1993). Therefore, we deny Appellee's request for attorneys' fees based on § 12-341.01.

**¶13**    Section 12-1580(E) of the Arizona garnishment statutes provides that "[t]he prevailing party may be awarded costs and attorney fees in a reasonable amount determined by the court." However, "[t]he award shall not be assessed against nor is it chargeable to the judgment debtor, unless the judgment debtor is found to have objected to the writ solely for the purpose of delay or to harass the judgment creditor." A.R.S. § 12–1580(E). Appellee does not assert that Appellant objected to the writ of garnishment solely to "delay or to harass" it. Therefore, we deny Appellant's request for attorneys' fees based on § 12-1580(E).

**¶14**    As the prevailing party, Appellee is entitled to its costs on appeal pursuant to § 12-341, and we award those costs upon Appellee's compliance with ARCAP 21.

## CONCLUSION

**¶15**    For the foregoing reasons, we affirm the superior court's judgment.

