NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

LESLIE E. ORMAN, *Plaintiff/Appellant*,

*v.*

GLENNA D. BOWERS LIVING TRUST dated June 6, 2003, Successor Co-Trustees, CARL R. SPENCER; JANET LEE JOHNSON; ADAM GLEN KEEN; and GLENNA R. NORLIN; and any heirs, devisees, beneficiaries, agents, assignees or successors, *Defendants/Appellees*.

No. 1 CA-CV 19-0452
FILED 4-28-2020

———————————————

Appeal from the Superior Court in Yuma County
No. S1400CV201800875
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED IN PART; REVERSED IN PART**

———————————————

COUNSEL

Law Office of Jeremy Claridge, P.L.C., Yuma
By Jeremy J. Claridge
*Counsel for Plaintiff/Appellant*

Law Offices of Larry W. Suciu, P.L.C., Yuma
By Barry L. Olsen
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

J O N E S, Judge:

¶1        Leslie Orman appeals from the judgment obtained in favor of the Glenna D. Bowers Living Trust[1] (the Trust) upon her complaint for quiet title and the trial court's order awarding the Trust its attorneys' fees and costs.  For the following reasons, we affirm the judgment but reverse the award of attorneys' fees to the Trust.

### FACTS AND PROCEDURAL HISTORY

¶2        In January 2003, Christine Kelley borrowed $93,000 from Glenna Bowers to purchase real property in Yuma (the Property).[2]  The debt was secured by a note and deed of trust against the Property that named Bowers as the beneficiary.  A few months later, Bowers assigned her beneficial interest in the deed of trust to the Trust.

¶3        In 2005, Kelley defaulted upon her obligations.  The Trust noticed a trustee's sale but cancelled the sale after Kelley cured her default.  Thereafter, Kelley resumed making payments against the balance of the debt and remained current on the obligation through November 2017.

¶4        Kelley eventually defaulted again, and, in July 2018, the Trust noticed a second trustee's sale.  A few weeks before the scheduled sale, Kelley conveyed the Property to Orman.

¶5        After the Trust declined to execute a quitclaim deed in Orman's favor, Orman filed a complaint for quiet title alleging the statute

---

[1]        Carl Spencer, Janet Johnson, Adam Keen, and Glenna Norlin were sued in their official capacities as successor co-trustees of the Glenna D. Bowers Living Trust.  Accordingly, within this decision, we refer to Appellees, collectively, as the Trust.

[2]        We view the evidence in the light most favorable to sustaining the trial court's orders.  *Rossi v. Stewart*, 90 Ariz. 207, 209 (1961) (collecting cases).

of limitations barred the Trust from enforcing the deed of trust against the Property.  Orman also alleged the Trust filed a fraudulent claim against the Property and refused to remove it when it knew or should have known its interest in the Property was no longer valid.  She sought an injunction halting the trustee's sale, as well as damages and attorneys' fees resulting from what she believed to be a "fraudulent lien."

¶6         The trial court temporarily enjoined the trustee's sale and scheduled an evidentiary hearing on Orman's statute of limitations defense.  At the December 2018 hearing, Orman argued the notice of trustee's sale in 2005 automatically accelerated the debt evidenced by the note and secured by the deed of trust, and, because there was no express language within the cancellation notice that reinstated the loan, the Trust's opportunity to pursue relief for Kelley's default had lapsed six years later, in 2011.  *See* Ariz. Rev. Stat. (A.R.S.) §§ 12-548(A)(1)[3] ("An action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by . . . [a] contract in writing."), 33-816 ("The trustee's sale of trust property under a trust deed shall be made . . . within the period prescribed by law for the commencement of an action on the contract secured by the trust deed.").

¶7         After considering the evidence and argument, the trial court determined Orman failed to meet her burden of proving a statute of limitations defense and denied her claim to quiet title.  The court then dismissed Orman's remaining claims after finding them dependent upon the success of her claim to quiet title and awarded the Trust its attorneys' fees incurred on appeal pursuant to A.R.S. § 12-341.01(A) (authorizing an award of attorneys' fees to the successful party in a contested action arising out of contract).  Orman moved unsuccessfully for a new trial and timely appealed the final judgment.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.    Reasonable Evidence Supports a Finding that Orman Failed to Prove the Statute of Limitations had Expired.

¶8         Orman argues insufficient evidence supports the trial court's conclusion that the Trust acted within the applicable limitations period when it noticed the second trustee's sale in July 2018.  To support this

---

[3]      Absent material changes from the relevant date, we cite a statute's current version.

conclusion, the court found that, to the extent the debt was accelerated when Kelley defaulted in 2005, that acceleration was revoked, and the note and deed of trust were reinstated, when Kelley cured that default in 2006. We review the court's factual findings for an abuse of discretion. *Great W. Bank v. LJC Dev., L.L.C.*, 238 Ariz. 470, 478, ¶ 22 (App. 2015) (citing *Myers v. W. Realty & Constr., Inc.*, 130 Ariz. 274, 277 (App. 1981)). "[W]e do not substitute our judgment for the trial court's and will reverse only where the findings are clearly erroneous." *Id.* (citing *Myers*, 130 Ariz. at 277, and Ariz. R. Civ. P. 52(a)). We find no error here.

**¶9** "[A] unilateral revocation of the debt's acceleration requires an affirmative act by the creditor that communicates to the debtor that the creditor has revoked the debt's acceleration." *Andra R Miller Designs L.L.C. v. US Bank N.A.*, 244 Ariz. 265, 271, ¶ 20 (App. 2018) (citing *Fed. Nat'l Mortg. Ass'n v. Mebane*, 618 N.Y.S.2d 88, 89 (App. Div. 1994)). Here, the Trust presented testimony from a co-trustee that the debt and documents were reinstated after Kelley cured the default, and that Kelley had been current upon her obligations under the note and deed of trust until late November 2017. Although Orman complains the "only evidence to rely upon was self-serving hearsay" for which "no paperwork was ever disclosed" that would corroborate the Trust's claim, the court was nonetheless within its discretion to accept the testimony as credible evidence. *See State v. Moreno*, 153 Ariz. 67, 70 (App. 1986) (deferring to the trial court's determination that uncorroborated hearsay evidence was sufficiently reliable to warrant consideration in a sentencing proceeding); *Aranda v. Cardenas*, 215 Ariz. 210, 218, ¶ 30 (App. 2007) ("[T]he fact-finder determines credibility, weighs the evidence, and draws appropriate inferences from the evidence.") (citing *Allstate Indem. Co. v. Ridgely*, 214 Ariz. 440, 444, ¶ 19 (App. 2007)); *Goats v. A.J. Bayless Mkts., Inc.*, 14 Ariz. App. 166, 169 (1971) (rejecting a claim of error in factual findings "since the evidence on this point was, at best, conflicting and we will not substitute our opinion for that of the trial court") (citing *Rossi*, 90 Ariz. at 209).

**¶10** Moreover, the trial court could reasonably infer from Kelley's decade-long performance under the note and deed of trust — which Orman acknowledged in her testimony — that the Trust had effectively communicated that the acceleration had been revoked. Indeed, Orman presented no evidence suggesting Kelley had *not* been notified that the acceleration had been cancelled. On this record, we cannot say the court abused its discretion. *See Huntsman v. First Nat'l Bank*, 29 Ariz. 574, 581 (1926) ("It is not within the province of this court on appeal to say which of two opposing inferences, both within the bounds of reason, should have

been taken by the trial court.") (quoting *Mercantile Tr. Co. of S.F. v. Sunset Road Oil Co.*, 168 P. 1033, 1035 (Cal. 1917)).

## II.     Orman's Complaint Did Not Arise Out of Contract for Purposes of A.R.S. § 12-341.01(A).

¶11          Orman argues the trial court erred in concluding the Trust was the successful party in a contested contract action and awarding its attorneys' fees under A.R.S. § 12-341.01(A). "Whether a cause of action arises out of contract is a question of law we review *de novo*." *Caruthers v. Underhill*, 230 Ariz. 513, 526, ¶ 58 (App. 2012) (citing *Schwab Sales, Inc. v. GN Constr. Co.*, 196 Ariz. 33, 36-37, ¶ 9 (App. 1998)).

¶12          "An action arises out of contract under A.R.S. § 12–341.01(A) if it could not exist 'but for' the contract." *Hanley v. Pearson*, 204 Ariz. 147, 151, ¶ 17 (App. 2003) (citing *Sparks v. Republic Nat'l Life Ins.*, 132 Ariz. 529, 543 (1982)). But A.R.S. § 12-341.01(A) does not apply to "purely statutory causes of action . . . [or] if the contract is a factual predicate to the action but not the essential basis of it." *Id.* (citing *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 325 (App. 1993)). "When a cause of action is based on a statute rather than a contract, the peripheral involvement of a contract does not support the application of the fee statute." *Id.* (citing *A.H. ex rel. White v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 190 Ariz. 526, 529 (1997)).

¶13          Quiet title and fraudulent lien claims are statutory causes of action. *See* A.R.S. §§ 12-1101 to -1104 (quiet title), 33-420(B) (fraudulent lien). The issue before the trial court was whether the statute of limitations to enforce the deed of trust had expired. Interpretation of the deed of trust was not necessary to resolve the factual issues of whether the Trust had taken an affirmative act to revoke any acceleration of the debt occasioned by the first notice of trustee's sale, and whether the Trust had sufficiently communicated the revocation to Kelley. Thus, the contract formed only a factual predicate for the complaint and was not its essential basis.

¶14          Orman's complaint did not arise out of contract, and the trial court erred when it awarded the Trust attorneys' fees under A.R.S. § 12-341.01(A). The Trust does not identify any other statutory basis upon which to award fees. Accordingly, the fee award is reversed.

## CONCLUSION

¶15          The trial court's judgment in favor of the Trust is affirmed. The award of attorneys' fees to the Trust is reversed.

**¶16** Both parties request an award of attorneys' fees and costs incurred on appeal. Neither party cites an applicable statutory basis for an award of fees, and those requests are denied. Because neither party was entirely successful on appeal, we likewise decline an award of costs. *See* A.R.S. § 12-341 ("The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law.").



AMY M. WOOD • Clerk of the Court
FILED: AA