NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

R. L. WHITMER, *Plaintiff/Appellant*,

*v.*

HILTON CASITAS HOMEOWNERS ASSOCIATION, *Defendant/Appellee*.

No. 1 CA-CV 22-0202
FILED 1-19-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2021-050888
The Honorable Sara J. Agne, Judge

**VACATED**

---

APPEARANCES

R. L. Whitmer, Scottsdale
*Plaintiff/Appellant*

Carpenter Hazelwood Delgado & Bolen LLP, Tempe
By Edith I. Rudder, Maria G. McKee
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

**B R O W N**, Judge:

¶1        R.L. Whitmer appeals the superior court's orders awarding attorneys' fees in favor of Hilton Casitas Homeowners Association ("Association").  Because Whitmer's lawsuit against the Association did not arise out of contract under A.R.S. § 12-341.01, we vacate the fee awards.

## BACKGROUND

¶2        The Hilton Casitas Condominium development was created in 1972 upon recordation of the Declaration of Horizontal Property Regime for Hilton Casitas ("Declaration").  The Association is subject to the Arizona Condominium Act, and because Whitmer co-owns a unit in the development he is a member of the Association.  *See* A.R.S. § 33-1201, -1241.

¶3        In March 2021, Whitmer sued the Association, requesting a contempt finding and injunctive relief because the Association allegedly failed to (1) comply with a 2015 administrative order addressing statutory budgeting requirements, (2) adopt a budget for 2021 as required by A.R.S. § 33-1243(D); (3) adopt an annual assessment, based on a timely adopted budget, under A.R.S. § 33-1255(A); and (4) conduct appropriate audits for the 2015 to 2019 fiscal years under A.R.S. § 33-1243(J).

¶4        The Association moved to dismiss Whitmer's complaint for failure to state a claim.  As to the first claim, the Association argued the administrative order was a product of an unconstitutional administrative process and § 33-1243(D)'s requirements were not applicable because a budget had not yet been adopted.  On the second claim, the Association argued that nothing in § 33-1255(A) specifies the timing for adoption of an annual budget, other than "at least annually."  The Association acknowledged there may be "non-statutory provisions" which require a more specific timeline, but Whitmer "explicitly state[d] his claims are exclusively limited to statutory compliance."  Addressing the third claim, the Association contended the statute of limitations barred at least a portion

of his claim.  It also argued Whitmer ignored the language of § 33-1243 governing audits, noting in part that Whitmer brought "his claims purely on statutory compliance such that the Association's governing documents are inapplicable to the requested relief."

¶5        After further briefing and additional filings, the superior court granted the motion to dismiss.  The Association filed an application for attorneys' fees under § 12-341.01.  In response, Whitmer argued § 12-341.01 was not applicable because his claims "concern[ed] the enforcement of statute and [did] not arise out of contract," relying in part on this court's analysis in *Brown v. Terravita Community Association, Inc.*, No. 1 CA–CV 14–0455, 2015 WL 4600032, at *1–2 (Ariz. App. July 30, 2015) (mem. decision).  The superior court granted the Association's request, awarding $16,592.50 in attorneys' fees under § 12-341.01 because Whitmer brought his action under the Declaration, which is a contract.

¶6        Whitmer then filed a motion to alter the judgment, which the court denied after additional briefing.  The court reasoned that it was "not required to interpret statutes, nor were they a factor that caused the dispute."  Instead, Whitmer's lawsuit required the court to "interpret the Declaration."  After the Association filed a supplemental application, the court granted the Association's request and awarded $3,669 more in attorneys' fees.  Whitmer timely appealed and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7        Section 12-341.01(a) states that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  The application of § 12-341.01 is a question of statutory interpretation, which we review de novo.  *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13, ¶ 12 (App. 2000).  "The statute does not apply if the contract is only a factual predicate to the action but not the essential basis of it."  *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 325 (App. 1993).  A court must consider "the nature of the action and surrounding circumstances" and decide whether the contract is the "cause or origin of the dispute."  *Keystone Floor & More, LLC v. Ariz. Registrar of Contractors*, 223 Ariz. 27, 30, ¶ 10 (App. 2009).

¶8        Whitmer argues the superior court erred in awarding fees under § 12-341.01 because he did not seek any enforcement of the Declaration or allege it was breached.  The Association counters that Whitmer's claims arose out of contract because without his status as a unit

owner, he would lack standing and thus could not properly allege a violation of the Condominium Act.

¶9 We assume, without deciding, that only members of a condominium association may bring a statutory claim against the association under the Condominium Act. But that does not mean, as the Association seems to contend, that any lawsuit against the Association under the Condominium Act brings into play § 12-341.01.

¶10 As an initial matter, the Association's reliance on § 12-341.01 fails to account for its repeated assertions that Whitmer was only pursuing statutory relief. In its motion to dismiss, the Association analyzed A.R.S. §§ 33-1258, -1255(A), and -1243(J), and expressly stated (1) that because Whitmer argued his claims were limited to statutory relief, any non-statutory provisions were irrelevant; and (2) that the Association's governing documents were "inapplicable to the requested relief." Notwithstanding those assertions, the Association requested attorneys' fees under § 12-341.01, relying on a "contractual" relationship theory, but again acknowledged that "Plaintiff pled his Complaint as *purely* a matter of *statutory compliance*." (Emphasis added.) Thus, the record supports only one reasonable conclusion—that even if the Declaration served as a factual predicate for Whitmer's claims, it was not the essential basis of those claims. *See Kennedy*, 175 Ariz. at 325.

¶11 The Association argues nonetheless that Whitmer's claims and requested relief arise out of contract "because of the contractual nature of the relationship between the parties." It cites several cases for the proposition that if "the defendant would not have a duty of care in the absence of the underlying contract, the claim arises out of contract." The duties as alleged by Whitmer, however, arise solely from the statutory provisions cited in his complaint; none of his claims arise out of the Declaration. *See Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 544 (1982) (holding that although an action for misrepresentation under A.R.S. § 20-433 would normally arise in the context of an insurance contract, a tort committed by an insurer "would not involve a breach of the actual contract; therefore, it would not be an action arising from a contract" under § 12-341.01); *Kennedy*, 175 Ariz. at 325–26 (reversing fee award under § 12-341.01 because the "essential basis of the action was a statutory remedy designed to protect purchasers of new vehicles" and the "action did not arise out of the lease contract").

¶12 This court's decision in *Brown*, 2015 WL 4600032, at *1 is also persuasive in addressing the Association's argument. There, a homeowner

4

appealed from an administrative ruling rejecting his claim that his homeowner's association had violated A.R.S. § 33-1805(A) (the Planned Community Act) by failing to produce certain records. *Id*. at *2, ¶ 5. The superior court affirmed the ruling and awarded the association its attorneys' fees. *Id*. This court vacated the fee award, reasoning that "in this case the administrative proceeding and judicial review action concerned the Association's statutory obligation to produce records under A.R.S. § 33-1805(A)." *Id*. at *2, ¶ 5. Like the homeowner in *Brown*, Whitmer alleged that the Association failed to comply with certain duties arising under statutes that govern condominiums; he did not allege the Association failed to comply with its duties under the Declaration.

**¶13** The Association contends this case is similar to *A.H. By and Through White v. Arizona Property and Casualty Insurance Guaranty Fund*, 190 Ariz. 526 (1997). In that case, our supreme court held that although the dispositive legal issue was resolved by statutory interpretation, the action arose out of contract. *See A.H. By & Through White*, 190 Ariz. at 529. The court explained that when it had previously examined A.R.S. § 20-673(C), it determined the statute was "the functional equivalent of an 'other insurance' clause typical in insurance contracts." *A.H. By & Through White*, 190 Ariz. at 530. Thus, the court concluded that § 20-673(C) was a legislated contractual provision imputed into "every insurer's written contract." *A.H. By & Through White*, 190 Ariz. at 530.

**¶14** In *Brown*, this court rejected the association's reliance on *A.H. By & Through White*, stating that it found "no authority — including the plain language of the statute — to support the notion that the Legislature intended to integrate § 33-1805 as part of the declarations . . . of all planned communities." 2015 WL 4600032, at *2, ¶ 6. Similarly, nothing in the statutes Whitmer cited as the basis for his claims support the Association's argument that the statutes were designed to operate as "other declaration clauses." *See* A.R.S. §§ 33-1258, -1255(A), -1243(J). Unlike *A.H. By & Through White*, the statutory provisions Whitmer relied on apply only when the declaration does not state otherwise. *See e.g.*, A.R.S. § 33-1243(D) (stating the procedure for a proposed budget "[e]xcept as provided in the declaration"). Nothing in the Condominium Act indicates the Legislature intended to integrate the Act's provisions as part of condominium declarations, which supports our determination that Whitmer's claims do not arise out of contract. *See A.H. By & Through White*, 190 Ariz. at 529 (explaining that when a lawsuit is based on a statute rather than a contract, "the peripheral involvement" of a contract does not support applying § 12-341.01).

5

**¶15** The Association also argues that the obligations in the Condominium Act do not create duties apart from the Declaration, citing *Mountain View Condominiums Homeowners Association, Inc. v. Scott*, 180 Ariz. 216, 219 (App. 1994). But in that case, this court explained that condominium owners' rights and obligations "may be found in three sources—the statute, the declaration, and the bylaws[,]" which "must be read together, in relation to each other, and harmonized, if possible." *Id.* Here, the Declaration and the Condominium Act are separate sources of law, and Whitmer sought relief only under the Act, as the Association affirmatively asserted in its motion to dismiss. The superior court erred in finding that Whitmer's claims arose out of contract under § 12-341.

**¶16** The Association also requested attorneys' fees under A.R.S. § 12-349, but nothing in this record shows that the superior court awarded fees on that basis. And the Association has made no assertion on appeal that we should affirm the court's fee awards under § 12-349.

## CONCLUSION

**¶17** Because the essential basis of Whitmer's claims against the Association was statutory enforcement, the superior court erred in awarding attorneys' fees. We therefore vacate the court's fee awards and deny the Association's request for the fees it incurred on appeal. As the successful party on appeal, Whitmer is awarded taxable costs subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA